UNITED STATES of America
v.
Arthur MUNGIOLE.
Cr. No. 17774.

United States District Court
E. D. Pennsylvania.

May 3, 1955.

not guilty at the time of his arraignment. At the trial, the Government's case consisted of a stipulation of facts wherein the parties agreed that the defendant, on or about April 1, 1952, at Philadelphia, in the Eastern District of Pennsylvania, within the jurisdiction of this Court, did accept wagers as defined in Title 26 U.S.C.A. § 3285, and that he did not pay the special occupational tax imposed by § 3290 that was due to the United States of America on or before the 30th day of April, 1952; that the instructions contained in paragraph 4 of Form 11–C, issued by the Treasury Department, Internal Revenue Service titled "Special Tax Return and Application for Registry-Wagering" then in effect, state as follows: "The information called for on the return must be completely furnished. If not so furnished, the special tax stamp will not be issued"; that the reason the defendant did not pay the tax was because the then Collector of Internal Revenue would not accept payment for the tax unless the defendant furnished completely the information as required, which defendant refused to do on the grounds it would tend to incriminate him of a federal offense; and that the defendant had been convicted of State gambling offenses prior to April 1, 1952, to wit: on March 7, 1937, September 22, 1937, and November 15, 1945.

The issue is whether the defendant had a right to refuse to answer the questions set out in the Application for Registry on the ground that such answers might tend to incriminate him of a federal crime.

Defendant previously had filed a motion to dismiss the Information. In support of that motion, an affidavit was filed by the defendant giving all of the facts here advanced by the defendant except that at the previous argument on the motion there were no facts stipulated or proof shown, as here, that on April 1, 1952, he accepted wagers and did not pay the tax due on April 30, 1952, and that he has been convicted of gambling in the State courts on three different occasions, the last conviction occurring on Novem-

W. Wilson White, Robert J. Spiegel, Philadelphia, Pa., for plaintiff.

Jacob Kossman, Philadelphia, Pa., for defendant.

LORD, District Judge.

The defendant has moved for judgment of acquittal.

The facts are as follows: An Information was filed in the District Court of the United States for the Eastern District of Pennsylvania charging defendant, Arthur Mungiole, with failure to pay the special occupational tax imposed on wagering by Title 26 U.S.C.A. § 3290, a violation of Title 26, U.S.C.A. § 3294 (a). The defendant entered a plea of

ber 15, 1945. The motion to dismiss the Information was denied. United States v. Mungiole, D.C.E.D.Pa.1954, 125 F. Supp. 32. Judge Grim there held that the defendant's affidavit contained no evidence tending to show that he might incriminate himself of past offenses had he filled out the Form, but such evidence could be presented at the trial. Thus, a determination must now be made as to whether the additional facts showing past convictions of gambling and that the defendant was accepting wagers on April 1, 1952, are sufficient to require a different result on the present motion.

If this were a case of first impression, the Court would feel inclined to hold for the defendant.

The reason for this is it would appear to be clear that ordinarily a person would have the right to claim the privilege against self-incrimination and could refuse to answer questions concerning his business, his partners, the location of the business, the number of employees or agents engaged by him in the business, their names and addresses, all as required in the present Application for Registry. This is particularly true in this case where defendant admits he accepted wagers and was thrice convicted for so doing. It would seem that no better direct proof could be offered to show that he was engaged for sometime in gambling and was so engaged on April 1, 1952. Conceivably the answers would incriminate him as to any number of federal offenses such as failure to pay withholding taxes, social security taxes, et cetera. As was stated in United States v. Coffey, 3 Cir., 1952, 198 F.2d 438, 440:

"*  *  * It is enough (1) that the trial court be shown by argument how conceivably a prosecutor, building on the seemingly harmless answer, might proceed step by step to link the witness with some crime against the United States, and (2) that this suggested course and scheme of linkage not seem incredible in the circumstances of the particular case. It is in this latter connection, the credibility of the suggested connecting chain, that the reputation and known history of the witness may be significant."

However, there are certain expressions of the appellate courts which impel this Court to deny the present motion for acquittal. The defendant desires to be licensed to engage in the profession of gambling within the requirements of the law. There is no compulsion for him to continue in this occupation. If he does not want to accept the risk of incriminating himself, he need not apply for registry. In Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 417, the Supreme Court said:

"If petitioner desires to engage in an unlawful business, he does so only on his own volition. The fact that he may elect to pay the tax and make the prescribed disclosures required by the Act is a matter of his choice. There is nothing compulsory about it, and, consequently, there is nothing violative of the Fifth Amendment. If he does not pay the occupational tax, proceeds to accept wagers, and is prosecuted therefor, as in this case, he cannot be compelled to testify and may claim his privilege. The only compulsion under the Act is that requiring the decision which would-be gamblers must make at the threshold. They may have to give up gambling, but there is no constitutional right to gamble. If they elect to wager, though it be unlawful, they must pay the tax."

Further, there is no question but that the Act is constitutional and the registration requirements are not a violation of the Fifth Amendment. United States v. Kahriger, 1952, 345 U.S. 22, at pages 31 and 32, 73 S.Ct. 510, at page 515, 97 L.Ed. 754, where the Court said:

"Nor do we find the registration requirements of the wagering tax offensive. All that is required is the filing of names, addresses, and places of business. This is quite general in tax returns. Such data are directly and intimately related to the

collection of the tax and are 'obviously supportable as in aid of a revenue purpose.' "

" * * * Under the registration provisions of the wagering tax, appellee is not compelled to confess to acts already committed, he is merely informed by the statute that in order to engage in the business of wagering in the future he must fulfill certain conditions."

The defendant agrees that under the present state of the law, as above set forth, if he desired to accept wagers after September 1, 1952, he would be required to register and would not be able to raise the question of self-incrimination. This is because a revised Form 11–C was issued by the Treasury Department at that time eliminating (1) the requirement that all of the information called for on the return must be completely furnished, otherwise a special tax stamp would not be issued, and (2) the prior privilege under the original form whereby he could apply for the tax stamp on or before the last day of the month in which liability was incurred. The present revised regulations provide that no person shall engage in receiving wagers *until* he has filed a return and paid the tax. He argues in his case however, under the old regulations, there was no such requirement and that he was entitled to accept wagers as a matter of law on April 1, 1952, and was not required to file until April 30, 1952.

He further reasons that, in view of his admissions on the record, the clear inference is that he was engaged in the gambling business prior to April 1, 1952. Thus if after April 1, 1952, he applied for registry and had to fill out the entire initial form as then required, his answers would tend to incriminate him as to possible additional further offenses. The Court does not believe this is a vital distinction. The Act is wholly prospective. Lewis v. United States, supra.

Defendant concedes that if he filed on April 1, 1952, he could not interpose his present defense as he would then be in the same position as if he filed on September 1, 1952. His answer would have been entirely voluntary and if he desired the tax stamp as stated previously, he would have had to assume the risk of self-incrimination. How then can it be said that if he filed April 2, 1952, or thereafter, any day until the last date, viz. April 30, 1952, he is then excused from filing?

In United States v. Kahriger, 3 Cir., 1954, 210 F.2d 565, 570, the defendant stipulated the identical facts as agreed to here with the exception of the three prior convictions. In that case the defendant admitted that he " * * * on and before November 26, 1951, at Philadelphia, was engaged in the business of accepting wagers, and did accept wagers * * *." The convictions in the present case are merely cumulative as additional proof of such business activity. The court held that the defendant was not guilty of "willful failure to pay the tax [and] to register." Specifically it excluded the consideration of whether the defendant there was guilty of a violation of the present section of the Act under consideration, 3294(a), but said at page 571:

" * * * The offense proscribed by Section 3294(a) is in all probability a lesser one than that defined by Section 3294(c) which, as has been pointed out, relates to willful violations. We do not have to decide this question and the possible application of Rule 31(c), Fed.Rules Cr. Proc., for the case was tried by the United States on the theory of willful violations and so went to the trier of the facts. The record in the trial court is devoid of any suggestion that a penalty should have been imposed for a non-willful failure to pay the tax under Section 3294(a). The issue of possible application of Rule 31(c) was not raised by the parties in this court. We have adverted to it *sua sponte* to the end that possible future confusion may be avoided. We think it is clear that on the record Kahriger's motions for judgment of acquittal

should have been granted. We are also of the opinion that the case is not one in which we should exercise our power, if we possess such, *to remand the case so that a sentence under Section 3294(a) might be imposed on him.*" (Emphasis supplied.)

It might reasonably be inferred that the court had a case in mind, such as the present one, when writing its concluding sentence.

Furthermore, the Circuit Court in footnote number 1 said at page 567:

"1. In oral argument Kahriger distinguished the circumstances of the prior appeal from those of the case at bar, pointing out that the original appeal was based on a denial of a motion to dismiss on the pleading, no evidence having been received, while the appeal at bar is based on a denial of motions for judgment of acquittal, a stipulation and evidence having been received. He asserts that there is now evidence which indicates that the questions required by the statute and Form 11–C required him to incriminate himself. Kahriger contends that the Supreme Court interpreted the statute without the benefit of having in the record circumstances which showed Kahriger's status as a professional gambler. This is true but the difficulty in supporting his contention is that no facts are to be found in the stipulation and evidence that show that he would have incriminated himself had he filled out the form. He might, perhaps, have made such proof but he did not do so. His contention therefore cannot be sustained."

Since this Court believes that the prior convictions of Mungiole were merely cumulative of what Kahriger admitted, it would seem that the present defendant's contention cannot be sustained as was indicated in the Kahriger case.

For the above reasons, the defendant's motion for judgment of acquittal is denied.