UNITED STATES of America

v.

Arthur MUNGIOLE, Appellant.

No. 11647.

United States Court of Appeals
Third Circuit.

Argued Oct. 7, 1955.

Decided May 10, 1956.

Jacob Kossman, Philadelphia, Pa., for appellant.

Robert J. Spiegel, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

BIGGS, Chief Judge.

The defendant, Mungiole, was charged in an information with violation of Title 26, U.S.C. § 3294(a) for having accepted wagers without having paid the special occupational tax imposed on wagering by Title 26, U.S.C. § 3290, "due and owing to the United States on or before 30th day of April, 1952."[1]

The case was tried on a stipulation of facts. It was agreed that Mungiole "on or about April 1, 1952 * * * [accepted] wagers as defined in Title 26 U. S.C. Section 3285, and that he did not pay the special occupational tax imposed by Section 3290 that was due to the United States * * * on or before the 30th day of April, 1952." The parties further stipulated that "the reason the defendant did not pay the tax was because the

---

1. The pertinent statutory provisions are Sections 3285(b) (1), 3290, 3291, and 3294(a) of the Internal Revenue Code of 1939, Title 26, U.S.C.

The applicable section of the Treasury Regulations is found at 26 C.F.R. § 325.-50.

then Collector of Internal Revenue would not accept payment for this tax unless the defendant furnished completely the information as required, which defendant refused to do on the ground it would tend to incriminate him in a federal offense." It will be observed that the stipulation of facts as to Mungiole's gambling activities parallels the statement in the information, each matching the other as to the date on which he first accepted wagers, each employing the phrase, "on or about April 1, 1952, [Mungiole] accepted wagers."

There is not an iota of evidence in the record as to when Mungiole attempted to pay the tax, or as to the amount of money, if any, he tendered to the Collector for the payment of the tax.

Mungiole was tried to the court, found guilty, and sentenced. See also, D.C. 1955, 131 F.Supp. 150. He has appealed.

■ Mungiole asserts as his defense that he could not furnish the information required by Form 11–C without incriminating himself in a federal offense. But the registration requirements of the special occupational tax on wagering are prospective. The statute contemplates the filing of the required information and the payment of the special occupational tax before the gambler commences business. United States v. Kahriger, 1953, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754. In Kahriger the Supreme Court said: "Nor do we find the registration requirements of the wagering tax offensive. All that is required is the filing of names, addresses, and places of business."[2] Id. 342 U.S. at page 31, 73 S.Ct. at page 515.

■ In the instant case Mungiole may have tendered payment of the tax before accepting wagers, in which event his claim of the privilege against self-incrimination would be totally lacking in substance. We cannot assume in the

absence of any evidence that Mungiole followed a contrary course of action. He has not brought forward facts by which his claim of self-incrimination can be supported.

The judgment of conviction will be affirmed.

2. Form 11–C in the Kahriger case was identical with Form 11–C, as stipulated into the record, in the case at bar. Form 11–C as presently constituted has omitted paragraph 4 of the "Instructions" which provided: "The information called for on the return must be completely furnished. If not so furnished, the special stamp tax will not be issued. * *"

In view of the decision of the Supreme Court in the Kahriger case, the change seems to have been effected by the Treasury Department as a matter of grace and not *ex necessitate.*