**UNITED STATES of America**

v.

**Arthur MUNGIOLE.**

**Cr. No. 17774.**

United States District Court
E. D. Pennsylvania.

Oct. 18, 1954.

W. Wilson White, U. S. Atty., G. Clinton Fogwell, Jr., Asst. U. S. Atty., Robert W. Lees, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Jacob Kossman, Philadelphia, Pa., for defendant.

GRIM, District Judge.

An information has been filed against defendant, Arthur Mungiole, charging him with failure to pay the special occupational tax on wagering, in violation

of 26 U.S.C. § 3294(a). Defendant has filed a motion to dismiss the information based on the following reasons:

"1. The act is not designed to raise revenue, but is a penalty for engaging in an illegal business in intrastate commerce.

"2. The act and regulations issued thereunder are applied against this defendant in violation of his constitutional rights."

The first reason raises the identical constitutional question which was decided adversely to defendant's position by the Supreme Court of United States in United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754.

In support of the second reason for his motion to dismiss defendant has filed his own affidavit in which he states that "the reason I did not pay the special occupational tax was because I would have to answer all the questions of Form 11–C and some of the answers might incriminate me of federal and state offenses prior to the 1st day of April, 1952 [the date on which he is charged with accepting wagers without having paid the special occupational tax on wagering]." Stapled to the affidavit is an unexecuted printed form bearing the designation "Form 11–C U. S. Treasury Department Internal Revenue Service" and the heading "Special Tax Return And Application for Registry—Wagering."

■ I want to make it clear at the outset that, as a general rule, where a defense presenting a mixed question of fact and of constitutional law is raised prior to trial by means of a motion to dismiss, I do not consider the use of affidavits in support of the motion a satisfactory or desirable method of proving the facts on which the defense is predicated. However, the question of method of proof is academic in the present case since defendant's affidavit completely fails to establish any facts which would support his motion to dismiss.

The affidavit, which is quoted in full above, fails to incorporate the attached Form 11–C by reference. However, in order to dispose of the present motion on its merits and not on an easily corrected technical error, I shall consider the form as part of defendant's affidavit.

Paragraph 4 of the Instructions appearing on Form 11–C states: "The information called for on the return must be completely furnished. If not so furnished, the special tax stamp will not be issued." Defendant contends that because of this instruction he was required to furnish information on Form 11–C as a condition precedent to his being issued a stamp; that Form 11–C asked, among other things, for the number and names and addresses of his employees receiving wagers on his behalf at the time of the execution of the form; and that by furnishing such a list of employees he would divulge information which might tend to incriminate him of past violations of the social security tax laws and withholding tax laws.

■ Defendant's affidavit clearly presents no evidence which even remotely tends to show that he might have incriminated himself of past offenses had he filled out the form. Form 11–C, which on its face does not ask for any information relating to past acts, adds nothing to the affidavit. Chief Judge Biggs of the Court of Appeals for the Third Circuit, discussing the same contention made in the present case, held in United States v. Kahriger, 210 F.2d 565, 567, footnote 1, that "no facts are to be found in the * * * evidence that show that he would have incriminated himself had he filled out the form. He might, perhaps, have made such proof but he did not do so. * * *" If we substitute the word affidavit for the word "evidence", Judge Biggs' statement would be equally applicable to the present case.

When the case comes up for trial Mungiole will have an opportunity to present evidence to support his contention that he would have incriminated himself had he filled out the form. In the present posture of the case Mungiole's statement constitutes merely a self-

34

serving conclusion, totally unsupported by any evidence.

And now, October 18, 1954, in accordance with the foregoing opinion it is ordered that defendant's motion to dismiss the information be and it is hereby denied.