**Bruce A. CAMPBELL, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT of CALIFORNIA, Respondent.**

**No. 73–3022.**

United States Court of Appeals, Ninth Circuit.

April 19, 1974.

As amended Aug. 15, 1974.

Rehearing and Rehearing En Banc Denied Sept. 26, 1974.

1. Cf. Aalund, *supra*, 461 F.2d at 713.

[redacted] 

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

James F. Hewitt (argued), Federal Defender, William A. Brockett, Jr., Asst. Federal Public Defender, San Francisco, Cal., for petitioner.

James L. Browning, Jr., U. S. Atty., James A. Bruen (argued), Lawrence Callaghan, Asst. U. S. Attys., San Francisco, Cal., for real party in interest, United States.

OPINION

On Petition for a Writ of Mandamus

Before DUNIWAY and CARTER, Circuit Judges, and SOLOMON,* District Judge.

JAMES M. CARTER, Circuit Judge:

This case presents a problem of great importance in the administration of justice in the area of criminal law. The

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

question presented by way of a petition for mandamus is whether an order of reference in a criminal case to a magistrate to hold an evidentiary hearing on a motion to suppress, and to make findings of fact and recommend conclusions of law, is valid.

Petitioner raises two questions:

(1) Is the statute, 28 U.S.C. § 636,[1] under which the reference was made, constitutional as applied?

(2) Is the order of reference within the scope of the statute?

At the argument petitioner contended that the district court abused its discretion in making the order of reference.

The contention was not presented by the petition for the writ, nor briefed on this appeal. It has no merit.

We deny the petition for a writ of mandamus.

## I

### Procedural Background

A criminal case, United States v. Bruce A. Campbell, was pending before the United States District Court for the Northern District of California. Campbell, the petitioner herein, filed a motion to suppress evidence. Pursuant to Local Rules 503 and 505 [2] of the Northern Dis-

---

[1]. 28 U.S.C. § 636.

"§ 636. Jurisdiction, powers, and temporary assignment

(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;

(2) the power to administer oaths and affirmations, impose conditions of release under section 3146 of title 18, and take acknowledgments, affidavits, and depositions; and

(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section.

(b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

(1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;

(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and

(3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing.

. . . .."

[2]. "Local Rules of Practice, United States District Court, Northern District of California:

RULE 503:

MAGISTRATES—ADDITIONAL POWERS AND DUTIES—CRIMINAL MATTERS

Pursuant to 28 U.S.C. § 636(b), each of said magistrates in this district shall have the additional power and duty, whenever requested by a Judge's order of reference and in the manner and subject to the review hereinafter provided in Rule 505, to perform any and all powers of a Judge of this Court in criminal matters which are not inconsistent with the Constitution and laws of the United States, including but not limited to the following:

(1) To hear discovery motions in criminal cases, including but not limited to motions and proceedings under F.R.Crim.P. 16; to conduct pretrial proceedings in criminal cases, including, but not limited to pretrial motions and proceedings under F.R.Crim.P. 17.-1 and Local Rule 208.

(2) To hear motions regarding bill of particulars; transfer proceedings under F.R. Crim.P. 20; removal proceedings under F. R.Crim.P. 20(b); mental competency proceedings under 18 U.S.C. §§ 4241–4248; revocation of probation; narcotic rehabilitation proceedings under 18 U.S.C. §§ 4251–4255; suppression of evidence under F.R.Crim.P.

41 or of statements obtained through illegal interrogation (Local Rule 205(b)); change of place of trial; severance of trial as to multiple defendants; appointment of expert witnesses, interpreter or examining physician; fixing the terms and conditions of bail (F.R.Crim.P. 46; 18 U.S.C. §§ 3141–3152); appointment and release of counsel; to conduct voir dire examination and impanel trial juries in criminal cases upon written agreement of the parties.

RULE 504:

## MAGISTRATE—SERVICE ON CRIMINAL CALENDAR OF THE COURT

Pursuant to 28 U.S.C. § 636(b), each of said magistrates in this district shall have the additional power and duty, whenever assigned and directed by a General Order of this Court, to preside over the Criminal Calendar of the Court (L.R. 200) and, when so assigned and directed, to perform, without further request or reference from a Judge, the following functions of Criminal Calendar Judge as set forth in L.R. 200(b) and L.R. 205(a).

(1) To appoint counsel.

(2) To fix terms and conditions of bail.

(3) To conduct arraignments under Rule 10, F.R.Cr.P.

(4) To take or enter pleas of "not guilty" and to thereupon refer the case to the Judge to whom assigned as provided in L.R. 200(c) for all further proceedings.

(5) To order prejudgment reports whenever a defendant states an intention to plead "guilty" or "nolo contendere" and thereupon to refer the case for plea and judgment to the Judge in the same manner as in (4) hereof.

(6) To grant motions to dismiss when made by the United States Attorney; to accept waivers of indictment under Rule 7(b), F.R.Cr.P., and to permit amendments of information under Rule 7(e).

(7) To hear motions made prior to plea under Rule 12, F.R.Cr.P., or Local Rule 205(a) without any reference by a Judge but only in the manner and to the extent prescribed by statute and subject to review by the assigned Judge as hereinafter provided in L.R. 505. Such motions include motions for bill of particulars under Rule 7(f); motions to strike surplusage under Rule 7(d) F.R.Crim.P.; motions regarding mental competency under 18 U.S.C. §§ 4244 and 4248; motions for transfer under Rule 20, F.R.Cr. P.; motions for removal under Rule 40(b), F.R.Cr.P.

RULE 505:

## REFERENCES TO MAGISTRATES—PROCEDURE—REVIEW

(1) Except as otherwise provided by Rule 504, the additional powers and duties described in Rules 502 and 503 shall be exercised only upon written order of reference by a Judge of this Court precisely setting forth the subject matter and terms of the reference. Any such reference order shall be filed with the Clerk in the action or matter from which the reference arises and a certified copy thereof delivered by the Clerk to the Presiding Magistrate, who shall have power to subassign any such reference to another magistrate.

(2) Magistrates, acting under such a reference are authorized to set hearings on the referenced matter, notify and require parties to appear, witnesses to appear, require proofs, briefs and argument, and to make such further orders as may be incidental or necessary to the completion of the reference.

(3) The magistrate's records (which shall be maintained separately from the Clerk's file and entitled "Magistrate's File Re ——," bearing the same title and number as the District Court file), shall consist of the certified copy of the order of reference, all papers, transcripts or summaries of evidence, all exhibits or briefs filed with the magistrate during the reference and the docket of proceedings taken before him, together with the magistrate's report and recommendation, findings, conclusions, and proposed order.

(4) Any party who desires review of a magistrate's decision by the Judge, shall promptly (in no event later than 5 days from notice of the magistrate's action or decision) so notify the magistrate and the adverse party in writing with a statement of his objections.

Upon completion of the reference and expiration of the time for notice of request for review (or upon admission of notice by all parties), the magistrate shall lodge his record with the Clerk for delivery to the referring Judge, including in the record the magistrate's certificate of service of notice of his decision (or their admission of notice thereof) and any objections or requests for review (or any waiver by the parties of review).

If review is requested, the Clerk shall promptly set and reasonably notice the time for review by the referring Judge; otherwise, the Court shall proceed to consider and take such action as it deems proper upon the report and any proposed order of the magistrate.

(5) The Presiding Magistrate shall maintain a register of all references pending before a magistrate showing the title and number of the case, the date of the reference order, the Judge making the reference, the magistrate to whom the reference was assigned, and the subject matter of the reference. The Presiding Magistrate shall also quarterly report to the Chief Judge upon the condition of the Reference Register."

trict of California, the district court, on October 12, 1973, referred the motion to suppress to the United States Magistrate for recommended findings of fact and conclusions of law.

At the time the court proposed to refer the motion to the magistrate, both the petitioner and the government opposed the suggestion. The petitioner listed his objections as follows:

(1) Difficulty in getting a proper transcript from the magistrate because the procedure in effect provides for the use of a tape recording device rather than a court reporter;

(2) The statute, 28 U.S.C. § 636, does not authorize a magistrate to exercise the power to hear motions to suppress and Congress did not intend for a magistrate to sit in an Article III proceeding.

(3) The outcome of the motion to suppress will dispose of the case.

The government then joined in these objections.

The district judge stated as his "philosophy" in reviewing the proceedings of the magistrate that he accepted his rulings on facts because the magistrate "is a judicial officer" and a defendant is "entitled to one hearing on the question of fact on the motion to suppress."

The judge further stated that he did not hear appeals from decisions of magistrates on questions of law and mixed questions of law and fact, and that he had previously granted a motion to suppress when the magistrate recommended that the motion be denied.

Local Rule 503 tracked the language of 28 U.S.C. § 636(b) limiting the scope of a magistrate's duties in criminal matters to those which were "not inconsistent with the Constitution and laws of the United States."

Local Rule 505(4) provides for a "review of a magistrate's decision by the Judge" upon a notification in writing to the magistrate and the adverse party, with a statement of objections to be made promptly but in no event later than five days from notice of the magistrate's action or decision. It further provides that "If review is requested, the Clerk shall promptly set and reasonably notice the time for review by the referring Judge; otherwise the court shall proceed to consider and take such action as it deems proper upon the report and any proposed order of the magistrate." (Emphasis supplied.)

Following the order of referral, and before any proceedings were held, the petitioner Campbell, on October 12, 1973, filed a petition in this court for a writ of mandamus, directing the trial judge to withdraw his previously entered order of reference and directing the judge to take evidence on the hearing of the motion to suppress, and for a stay pending the court's decision. A panel of this court granted a stay and expedited the proceeding.

## II

### Constitutionality of the Statute as Applied

Petitioner makes no frontal attack on the constitutionality of the statute on its face. In substance, petitioner is contending that the statute as applied is unconstitutional.

Petitioner's first contention is based in part on Sec. I, Article III, of the Constitution of the United States. He contends that only an Article III judge can hear a motion to suppress. The section reads:

"*Article III.—The Judiciary*

Section 1. The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

Palmore v. United States, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973), by analogy, decides this question. In that case, Palmore was tried and convicted by the Superior Court of the District of Columbia of a felony under the District's Criminal Code. He contended he was entitled to be tried by an Article III judge with lifetime tenure and salary protection. The District of Columbia Court of Appeals affirmed and the Supreme Court, in turn, affirmed the District of Columbia Court of Appeals.

The defendant's contention in *Palmore* was summed up by the Court as follows: " . . . an Article III judge must preside over every proceeding in which a charge, claim, or defense is based on an Act of Congress or a law made under its authority. At the very least, it asserts that criminal offenses under the laws passed by Congress may not be prosecuted except in courts established pursuant to Article III." The Court held, "In our view, however, there is no support for this view in either constitutional text or in constitutional history and practice." [p. 400, 93 S.Ct. p. 1678]. And, "It was neither the legislative nor judicial view, therefore, that trial and decision of all federal questions were reserved for Art. III judges. Nor, more particularly has the enforcement of federal criminal law been deemed the exclusive province of federal Art. III courts." [p. 402, 93 S.Ct. p. 1678]. Amount of salary, lack of tenure and provisions for removal by a commission were found not to dictate a different decision. [pp. 407–410, 93 S.Ct. 1670.]

■ The magistrate serves for a term without tenure, at a salary below that of a district judge, and can be removed by the appointing judges. We see in these facts no reason to view his service as a violation of Article III of the Constitution.

## III

*Under 28 U.S.C. § 636(b) a United States Magistrate May Hold an Evidentiary Hearing on a Motion to Suppress*

Section 636(b) provides that there may be assigned to magistrates, in addition to the duties listed in Section 636(a), "such additional duties as are not inconsistent with the Constitution and laws of the United States."

■ The additional duties authorized are not limited solely to those listed in § 636(b)(1), (2) and (3), nor by *ejusdem generis*, but may include any duties not inconsistent with the Constitution or laws of the United States.[3]

The doctrine of *ejusdem generis* was one of the grounds listed in Wedding v. Wingo (6 Cir. 1973) 483 F.2d 1131 affirmed sub nom. Wingo v. Wedding, 414 U.S. 1157, 94 S.Ct. 914, 39 L.Ed.2d 109, 1974, for barring a magistrate from conducting an evidentiary hearing in a *habeas* proceeding and making recommended findings of fact and conclusions of law. The Eighth Circuit in Noorlander v. Ciccone (1973) 489 F.2d 642, a *habeas* case, declined to subscribe to Wedding's *ejusdem generis* reasoning (p. 647) and we likewise refuse to follow it in our case involving a motion to suppress evidence. The Supreme Court in Wingo v. Wedding, *supra,* did not discuss *ejusdem generis* in its affirmance. (See discussion, *infra.*)

The Sixth Circuit, in Wedding v. Wingo, *supra,* 483 F.2d p. 1135, stated: "This doctrine directs that a general provision of a statute will be controlled and limited by subsequent statutory language more specific in scope." Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 228–229, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), was cited as authority for this proposition.

We cannot agree with the court's application of the *ejusdem generis* doctrine

---

3. The legislative history of Sec. 636 is set forth in detail in TPO, Inc. v. McMillen (7 Cir. 1972) 460 F.2d 348, and Noorlander v. Ciccone (8 Cir. 1973) 489 F.2d 642.

to Section 636(b). In *Fourco* the Supreme Court held that a special venue statute, 28 U.S.C. § 1400(b), controlled over a general venue statute, 28 U.S.C. § 1391(c). The *Fourco* case does not support the Sixth Circuit's conclusion regarding Section 636(b).

Congress, in § 636(b), used language which clearly stated its intentions that there may be assigned to a magistrate "such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to . . . ." With such an express statement in the statute, it cannot be argued that the statute did not mean what it said. No conflict between a general and a specific proposition of law is involved as in the typical *ejusdem generis* situation.

The Supreme Court, in Wingo v. Wedding, *supra*, struck a blow against the use of magistrates, but we think that the case is limited to the use of magistrates in connection with *habeas* petitions and does not control our case. In substance, the Court held that 28 U.S.C. § 2243, like its predecessor, Rev.Stat. § 761, requires that the district court personally conduct evidentiary hearings in federal habeas corpus cases; that Congress, in enacting 28 U.S.C. § 636, did not intend to alter the requirements of 28 U.S.C. § 2243; and that the local rule authorizing magistrates to hold habeas corpus evidentiary hearings was invalid because it was inconsistent with the laws of the United States and because 28 U.S.C. § 636(b) limits a magistrate's review in *habeas* matters to proposing, not holding a hearing. The Court also held that the review procedure relating to electronic recording did not enable the district court to evaluate, by observation, the credibility of the witness.

The question in our case is whether there is any similar requirement that the district court, at the first instance,

hear the evidence on a motion to suppress.

Rule 41(e), Fed.R.Crim.P., as it read in 1948, stated:

"Motion for Return of Property and to Suppress Evidence. A person aggrieved by an unlawful search and seizure *may move the district court* for the district in which the property was seized *for the return of the property and to suppress for the use as evidence* anything so obtained on the ground that . . . . *The judge shall receive evidence on any issue of fact necessary to the decision of the motion. . . .*" (Emphasis added)

By an amendment of April 24, 1972, effective October 1, 1972, subsection (e) was amended so as to pertain only to motions for the return of property and subsection (f) was amended to cover motions to suppress evidence. Subsections (e) and (f) now read:

"(e) Motion for Return of Property. A person aggrieved by an unlaw search and seizure *may move* the district court for the district in which the property was seized *for the return of the property* on the ground that he is entitled to lawful possession of the property which was illegally seized. *The judge shall receive evidence on any issue of fact necessary to the decision of the motion.* If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

"(f) Motion to Suppress. *A motion to suppress evidence may be made in the court of the district of trial as provided in Rule 12.*" (Emphasis added)

The Notes of the Advisory Committee on Rules are not helpful.[4]

---

4. Note to Rule 41:
"As amended, subdivision (e) provides for a return of the property if (1) the person

is entitled to lawful possession *and* (2) the seizure was illegal. This means that the judge in the district of seizure does not have

Rule 41(f) as amended in 1972 requires us to consider Fed.R.Crim.P. 12. It has not been amended since its adoption.

> "Rule 12. Pleadings and Motions before Trial; Defenses and Objections

> \* \* \* \* \* \*

> (b) The Motion Raising Defenses and Objections.

> (1) Defenses and Objections Which May Be Raised. Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion.

> (2) Defenses and Objections Which Must Be Raised. Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

> \* \* \* \* \* \*

> (4) Hearing on Motion. A motion before trial raising defenses or objections shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. An issue of fact shall be tried by a jury if a jury trial is required under the Constitution or an act of Congress. *All other issues of fact shall be determined by the court with or without a jury or on affidavits or in such other manner as the court may direct."* (Emphasis added)

 It is clear that the motion to suppress comes within subsection (b)(1) of Rule 12, as a defense that *may* be raised.

The last sentence of subsection (b)(4) of Rule 12, reading: "All other issues of fact shall be determined by the court with or without a jury or on affidavits, or in such other manner as the court may direct," has resulted in little case law.

As to affidavits, we find only two cases: United States v. Mungiole (E.D.Pa. 1954) 125 F.Supp. 32, states that the trial of mixed questions of law and facts on affidavits is not desirable. In re Alperen (D.Mass.1973) 355 F.Supp. 372, affirmed, sub nom. United States v. Doe (1 Cir.1973) 478 F.2d 194, approves the use of affidavits on the issue of whether the Attorney General properly authorized a wire tap.

We find no law on the meaning of the phrase "or in such other manner as the court may direct."

The Notes of the Advisory Committee on Rules are not helpful.[5]

---

to decide the legality of the seizure in cases involving contraband which, even if seized illegally, is not to be returned. . . .

A sentence is added to subdivision (e) to provide that a motion for return of property, made in the district of trial, shall be treated also as a motion to suppress under rule 12. This change is intended to further the objective of rule 12 which is to have all pretrial motions disposed of in a single court appearance rather than to have a series of pretrial motions made on different dates, causing undue delay in administration.

Subdivision (f) is new and reflects the position that it is best to have the motion to suppress made in the court of the district of trial rather than in the court of the district in which the seizure occurred. The motion to suppress in the district of trial should be made in accordance with the provisons of rule 12."

5. "Note to Subdivision (b)(4). This rule substantially restates existing law. It leaves with the court discretion to determine in advance of trial defenses and objections raised by motion or to defer them for determination at the trial. It preserves the right to jury trial in those cases in which the right is given under the Constitution or by statute. *In all*

It is clear why the Rules, by the 1972 amendment, provided separately for motions to *return* property (Rule 41(e)) and motions to suppress evidence (Rule 41(f)). It is not clear why under Rule 41(e), "The Judge shall receive evidence on any issue of fact . . .", except that the phrase was in subsection before the amendment. But the 1972 amendment to Rule 41(f) did not contain that language and placed the motion to suppress under Fed.R.Crim.P. 12, with its broad language in subsection (b)(4).

On the same date as the amendment of Fed.R.Crim.P. 41 (April 24, 1972), Fed.R.Crim.P. 5.1 was added.

"Rule 5.1 Preliminary Examination

(a) Probable Cause Finding. If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the federal magistrate shall forthwith hold him to answer in district court. The finding of probable cause may be based upon hearsay evidence in whole or in part. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. *Objections to evidence on the ground that it was acquired by unlawful means are not properly made at the preliminary examination. Motions to suppress must be made to the trial court as provided in Rule 12. . . ."* (Emphasis added)

Rule 5.1 concerns preliminary examination by a magistrate and does not concern motions to suppress as shown in subsection (a).

The Notes of the Advisory Committee on Rules is devoted largely to a discussion of the receipt of hearsay evidence by the magistrate. The Notes also state:

"For the same reason, subdivision (a) also provides that the preliminary examination is not the proper place to raise the issue of illegally obtained evidence. This is current law. In Giordenello v. United States, 357 U.S. 480, 484 [78 S.Ct. 1245, 2 L.Ed.2d 1503] (1958), the Supreme Court said:

[T]he Commissioner here had no authority to adjudicate the admissibility at petitioner's later trial of the heroin taken from his person. That issue was for the trial court. This is specifically recognized by Rule 41(e) of the Criminal Rules, which provides that a defendant aggrieved by an unlawful search and seizure may ' * * * move the district court * * * to suppress for use as evidence anything so obtained on the ground that * * * ' the arrest warrant was defective on on any of several grounds.

\* \* \* \* \* \*

See also C. Wright, Federal Practice and Procedure: Criminal § 80 at 143 n. 5 (1969, Supp.1971) 8 J. Moore, Federal Practice ¶ 6.03 [3] (2d ed. Cipes 1970, Supp.1971). The Manual for United States Commissioners (Administrative Office of United States Courts, 1948) provides at pp. 24–25: 'Motions for this purpose [to suppress illegally obtained evidence] may be made and heard only before a district judge. Commissioners are not empowered to consider or act upon such motions.' "

The *Giordenello* case in 1958 referred to Fed.R.Crim.P. 41(e) before its amendment in 1972 removing motions to suppress from subsection (e) and placing them in (f), as set forth above. We do not think Rule 5.1 has any impact on our problem.

■ Since Fed.R.Crim.P. 12 now describes proceedings on motions to suppress evidence, it is the controlling rule. Unlike 28 U.S.C. § 2243, Rule 12 does not require the district court to conduct the hearing. We know of no statute which does so require. Instead, Rule 12 states that *an issue of fact shall be determined in such manner as the court shall direct.*

*other cases it vests in the court authority to determine issues of fact in such manner as*

*the court deems appropriate."* (Emphasis added)

Accordingly, our case does not come within the bar of Wingo v. Wedding, *supra*. In addition, the procedure we propose, *infra,* for the district court's consideration of magistrate's proposed findings meets the problem of the credibility of witnesses based on observations discussed in Wingo v. Wedding, *supra.*

The use of magistrates has been upheld in the following situations not listed in § 636(b)(1), (2) or (3).

(a) Recommendation to the district court as to whether a motion to dismiss should be granted: Givens v. W. T. Grant Co. (2 Cir. 1972) 457 F.2d 612.

(b) Recommendation to the district court as to whether a motion for summary judgment should be granted: Remington Arms Co. v. United States (2 Cir. 1972) 261 F.2d 1268.

(c) Recommendation to the district court as to whether claimant was denied due process in her disability hearing and whether there was substantial evidence to justify the Secretary of Health, Education and Welfare in his denial of her claim. Dewrell v. Weinberger (5 Cir. 1973) 478 F.2d 699.

We therefore hold that a magistrate may preside at a pretrial motion to suppress evidence.[6] It follows that the magistrate may make proposed findings of fact and conclusions of law, and present them to the district court along with a proposed order.

A magistrate may not, in a hearing on a motion to suppress, exercise ultimate decision-making power. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957), holds that in the particular facts of that case, a district court abdicated its judicial

function. [pp. 255–256, 77 S.Ct. 309]. However, *La Buy* is not here controlling.

There the district judge referred to a master two anti-trust cases (one with a prospective period of six weeks for trial), with instructions to prepare findings of fact and conclusions of law. The judge had made rulings and written memoranda and opinions on the cases over a period of years. The master was a private practitioner, not a judicial officer. The case stands for the proposition that the trial of an entire, complicated case may not be referred to a master. The case is not helpful on the question of a reference to a magistrate for an evidentiary hearing and recommended findings and conclusions on a motion to suppress evidence.

In TPO, Inc. v. McMillen (7 Cir. 1972) 460 F.2d 348, the district court referred a motion to dismiss, treated as a motion for a summary judgment, to a magistrate for *decision.* A motion to vacate the reference, on the ground a magistrate was without power to rule on a motion to dismiss, was denied. The court of appeals granted a writ of mandamus, directing the district court to vacate the reference and the magistrate's resultant order.

The court, quoting from the statute and legislative history, held:

"Congressional intent is clear that magistrates' civil jurisdiction includes only 'such additional duties as are not inconsistent with the Constitution and laws of the United States,' that there is to be 'no abdication of the decision-making responsibility' of district courts, that 'the district judge is to retain the ultimate responsibility for the conduct of pretrial or discovery proceedings,' and that § 636(b) 'cannot

---

6. See United States v. Matlock, 415 U.S. 164, 172, 94 S.Ct. 988, 994, 39 L.Ed.2d 242, where the Court stated:

". . : the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence."

Citing Brinegar v. United States, 338 U.S. 160, 173, 174, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). And in Note 9, 94 S.Ct. at 994, reference is made to the difference between admissibility of evidence on the merits as contrasted to use of evidence ". . . for the purpose of determining a preliminary question of admissibility. . . ."

be read in derogation of the fundamental responsibility of judges to decide the cases before them.'

. . . . . .

"We conclude that magistrates have no power to decide motions to dismiss or motions for summary judgment, both of which involve ultimate decision making, and the district courts have no power to delegate such duties to magistrates." (p. 359; Footnotes omitted.)

Thus, while a magistrate may recommend to the district court whether to grant a motion to dismiss, *Givens, supra,* or a motion for summary judgment, *Remington, supra,* he may not himself decide the motion. *TPO, Inc., supra.* Although a magistrate may recommend to the district court whether there is substantial evidence to support a denial by the Secretary of Health, Education and Welfare of a disability claim, *Dewrell, supra,* he may not make a decision on this question. Ingram v. Richardson (6 Cir. 1972) 471 F.2d 1268, and *TPO, Inc., supra.* See Dye v. Cowan (6 Cir. 1972) 472 F.2d 1206, where the court in dictum states that the granting of a certificate of probable cause by a magistrate is *ultra vires* and void.

■ Although we hold that a magistrate is authorized to preside at an evidentiary hearing on a motion to suppress evidence and is authorized to make proposed findings of fact, conclusions of law and a proposed order after a hearing on a motion to suppress, we hold that the district court must make the final adjudication on the motion. TPO, Inc. v. McMillen, *supra;* United States ex rel. Henderson v. Brierley, *supra;* Noorlander v. Ciccone, *supra;* Asparro v. United States (D.C.Conn.1973) 352 F. Supp. 1085.[7]

■ In carrying out its duties the district court will conform to the following procedure:

If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.

The district court, on application, shall listen to the tape recording of the evidence and proceedings before the magistrate and consider the magistrate's proposed findings of fact and conclusions of law. The court shall make a *de novo* determination of the facts [8] and the legal conclusions to be drawn therefrom.

■ The court may call for and receive additional evidence. If it finds there is a problem as to the credibility of a witness or witnesses or for other good reasons, it may, in the exercise of its discretion, call and hear the testimony of a witness or witnesses in an adversary proceeding. It is not re-

7. In discussing the magistrate's function of assisting judges on criminal pretrial motions, Judge William E. Doyle, Chairman of the Judicial Conference's Committee to Implement the Federal Magistrate's Act, now a judge of the Tenth Circuit, wrote:
"The provision adopted makes clear that the magistrate in performing this function is rendering assistance to the judge. This does not set any limit on the extent of pretrial work which is subject to performance by the magistrate. It does, however, require that the district judge retain the ultimate responsibility in every such matter. *It would seem that within this framework the magistrate could hear and preliminarily at least determine every type of pretrial motion so long as the decision making function is not surrendered."*

. * * * * *
"So long as the assignments are specific and do not involve the delegation to the magistrate of the trial of a case and as long as the report is advisory, most any specific task is subject to referral." Implementing the Federal Magistrates Act, 39 Journal of Kansas Bar Assn. 25, 67, 69 (1970). (Emphasis added).

8. See McKinney v. Parsons (5 Cir. 1974) 488 F.2d 452, a post-conviction case where the district judge adopted the findings of a magistrate that certain films and magazines were obscene. The court reversed because the district judge did not personally inspect the alleged obscene material.

quired to hear any witness and not required to hold a *de novo* hearing of the case.

■ Finally, the court may accept, reject or modify the proposed findings or may enter new findings. It shall make the final determination of the facts and the final adjudication of the motion to suppress.

Applying the above procedure to the case at bar, the district court was in error in stating it must accept the findings of the magistrate. The district court has the duty to make the final decision on the facts.

## IV

### The Local Rules

We acknowledge that the Northern District was one of the first districts in the United States to implement the Magistrates Act and took a broader view than many of the other districts in the country.

We prefer not to discuss the local rules in detail. The evidentiary hearing has not been held, nor has the district court reviewed the magistrate's recommendations. The matter has not been briefed. We make one comment.

Local 503 provides magistrates shall "have the additional power and duty . . . subject to the review hereinafter provided in Rule 505, to *perform any and all powers of a Judge of this Court* in criminal matters which are not inconsistent with the Constitution and laws of the United States, including but not

limited to the following: . . . (2) *To hear motions* regarding . . . suppression of evidence under F.R.Crim. P. [Rule 41] or of statements obtained through illegal interrogation (Local Rule 205(b)); . . . " (Emphasis added).

The phrase "to perform any and all powers of a Judge of this Court," even coupled with the statutory limitations ("not inconsistent," etc.) raises questions of uncertainty and ambiguity. In certain situations the magistrate can exercise power of the judge, without any further action by the judge. (E. g., appointing counsel for indigents; approving substitution of counsel; fixing bail; etc.) In other situations the magistrate can make recommendations but the adjudication power rests only with the judge. (E. g., decision on a motion to suppress; for change of venue; for severance of trial of codefendants; etc.) The magistrate may prepare a memorandum and a recommended order, but the judge must adjudicate the motion.

Accordingly, Local Rules 503 and 504 (7) should be reexamined by the district court, and the district court should make clear the two categories and the matters properly included in each. Except in those instances in which the magistrate can act independently and make the final decision, the rules should provide that the magistrate shall make specific proposed findings of fact, conclusions or recommendations. The district court shall make the final determination.

The petition for a writ of mandamus is denied.[9]

---

9. Retired Justice Tom Clark recommended full use of the magistrate:

"Rather than more judges, I submit that we need to change our attitude about the functions that require a judge's attention. There was a time when we could perhaps afford the luxury of having fulltime judges deal with every minute detail of a judicial proceeding; but that moment is gone. We are in a crisis. We have more litigation, the cases are more complex, and the load continues to grow.'" (Citation omitted).

　　＊　　＊　　＊　　＊　　＊

"It remains to be seen whether all the district courts will utilize the magistrate

system to its fullest extent. In some districts, the judges have been reluctant to extend the magistrate's functions much beyond those of a commissioner, apparently feeling that every part of the judicial function requires the personal attention of the district judge. Hopefully, the success of the program in other districts will convince everyone that effective administration of justice is best achieved by full use of the magistrate." Parajudges and the Administration of Justice, 24 Vanderbilt L.R. 1167, 1170, 1172, 1173, 1178 and 1179 (1971).