**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter L. RITTE, Jr.,
Defendant-Appellant.**

**No. 76–2291.**

United States Court of Appeals,
Ninth Circuit.

Aug. 5, 1977.

Clayton C. Ikei, Robert G. Johnston, Honolulu, Hawaii, argued, for defendant-appellant.

Harold M. Fong, U.S. Atty., Stephen D. Quinn, Asst. U.S. Atty., Honolulu, Hawaii, argued for plaintiff-appellee.

Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Ritte attempts to appeal from an order of a magistrate for the District of Hawaii finding Ritte in contempt and ordering forfeiture of his appearance bond for breach of a bail condition. That portion of the order adjudicating Ritte in contempt is invalid because the magistrate did not have jurisdiction. We must vacate the contempt order because 28 U.S.C. § 636(d) requires that contemptuous acts committed in the presence of a magistrate or related to proceedings before a magistrate must be referred to a district judge for adjudication. We cannot reach the merits of the order of forfeiture because we lack jurisdiction to do so; the order of forfeiture was not a final appealable order. Under the doctrine of *Campbell v. District Court* (9th Cir. 1974), 501 F.2d 196, the district court, not the magistrate, has the power to adjudicate a bond forfeiture. (The *Campbell* doctrine was adopted by recent amendments to the Magistrates Act, codified as 28 U.S.C. § 636(b)(3).)[1] There is nothing in the record indicating that the forfeiture finding was adopted by the district court.[2] The magistrate's order is not a final appealable order of the district court within the meaning of 28 U.S.C. § 1291. Accordingly, we must dismiss the appeal from that portion of the order.

The contempt order is vacated, the attempted appeal from the order of forfeiture is dismissed for want of jurisdiction, and the cause is remanded to the district court.

1. Pub.L. No. 94–577, § 1 (Oct. 21, 1976), 90 Stat. 2729. *See also* H.R.Rep.No.94–1609, *reprinted in* [1976] U.S.Code Cong. & Admin. News, pp. 6162, 6172. *See generally Campbell v. District Court, supra.*

2. We note that the record shows that the referral in this case did not comply with the Local Magistrate Rules of the District of Hawaii. (*See* District of Hawaii, Magistrate Rules 6.1 [requiring order of designation] and 7.1 [requiring "a recommendation in writing for disposition" of the designated matter].) Even if these rules were complied with, however, the procedure followed must be reexamined in light of *Campbell* and the amendments to the Magistrates Act. (*See Campbell, supra,* at 207.) If the matter is one in which the magistrate can act independently and make the final decision, the record must show that an appeal was made to the district court. (*Cf.* 18 U.S.C. § 3402.) In other instances the record should show that the magistrate made specific proposed findings of fact, conclusions of law, and a dispositional recommendation, and that the district court made the final adjudication. (28 U.S.C. § 636(b)(1).)