**IT IS FURTHER ORDERED** that Count XI is dismissed.

**John V. DOMMISSE, Plaintiff,**

v.

**Janet NAPOLITANO, in her individual capacity only; et al., Defendants.**

**No. CV 06–368 TUC DCB.**

United States District Court,
D. Arizona.

Feb. 14, 2007.

John V. Dommisse, Tucson, AZ, pro se.

Michael H. Hinson, Office of the Attorney General, Tucson, AZ, Patrick Thomas Stanley, Bonnett Fairbourn Friedman & Balint PC, Phoenix, AZ, Sandra L. McDonough, Paul Plevin Sullivan & Connaughton LLP, San Diego, CA, for Defendant.

**ORDER**

BURY, District Judge.

This Court finds that the Magistrate Judge's Report and Recommendation properly sets out and applies the relevant law for determining the pending motions. The Report and Recommendation is adopted as part of the Opinion of the Court. The motions to dismiss are granted.

On July 20, 2006, the Plaintiff filed his Complaint, and this case was referred to Magistrate Judge Glenda E. Edmonds for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice of the United States District Court for the District of Arizona (Local Rules).

The Defendants filed motions to dismiss. Both argued that under the *Rooker*[1]*-Feldman*[2] doctrine, this Court lacks subject matter jurisdiction over this action. In the event this Court finds jurisdiction, Defendants made other arguments for dismissing the case. Magistrate Judge Edmonds heard evidence and argument on January 9, 2007. She filed her Report and Recommendation on January 22, 2007, recommending that this Court grant the California Defendants' Motion to Dismiss because claims against them are barred by res judicata. She recommends that this Court find the motion to dismiss filed by the Arizona Defendants is moot because court lacks jurisdiction to hear the case.

Pursuant to 28 U.S.C. § 636(b), the Plaintiff and the Arizona Defendants filed objections to the Report and Recommendation. The California Defendants have not filed any objection. The matters are fully briefed.

---

**1.** *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

**2.** *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

■ This Court's ruling is a *de novo* determination as to those portions of the Report and Recommendation to which there are objections. 28 U.S.C. § 636(b)(1)(C). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed. R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974)) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

### STATEMENT OF THE CASE

Plaintiff sues the Arizona Defendants, members of the Arizona Medical Board (the Board). He sues the California Defendants, consultants with a Physician Assessment and Clinical Education Program (PACE). He sues the Defendants individually, but his factual allegations supporting his claims derive from activities and conduct undertaken as members of the Board and consultants with PACE. He alleges that the Defendants conspired to have him censured by the Board and to secure the Board's decision against him in violation of his constitutional procedural due process and equal protection rights. (Report & Recommendation at 1130 (citing Complaint)). "Fundamentally, he claims that Board members and consultants are biased against him because they are practitioners of allopathic medicine and are antagonistic toward his practice of nutritional medicine." *Id.* "He further claims that Defendants encouraged witnesses to submit false accusations against him." *Id.*

Plaintiff is a physician licensed to practice allopathic medicine in Arizona since 1994. He was originally educated in conventional allopathic medicine, but over the years he has developed an interest and practice in nutritional and metabolic medicine. On September 15, 2003, after an investigation and full hearing, the Board published Findings of Fact, Conclusions of Law and Order of Decree of Censure and Probation, which concluded that Plaintiff had committed unprofessional conduct. The Decree of Censure was a public sanction and five years probation with numerous conditions, such as: taking continuing medical education (CME) courses, having independent evaluation of his medical skills (PACE), and submitting to periodic Board reviews of his on-going medical records.

Plaintiff appealed the Decree of Censure to the Superior Court of Arizona, which on September 26, 2005, affirmed the Board's findings and conditions of censure, with one caveat not relevant here. Plaintiff did not appeal the Superior Court ruling, and on January 17, 2006, the Board issued the Amended Findings of Fact, Conclusions of Law and Order for Decree of Censure and Probation. Plaintiff did not appeal the amended decree. Instead, he filed this action on July 20, 2006. Both the Arizona and California Defendants responded with motions to dismiss.

Magistrate Judge Edmonds found that the *Rooker–Feldman* doctrine divests this Court of jurisdiction over all of Plaintiff's claims, including his constitutional claims, except for any claims of extrinsic fraud. She also found that Plaintiff is precluded, *res judicata,* from bringing his claims here because he failed to appeal the amended decree issued by the Board on January 17, 2006. (Report and Recommendation at 1130–33.) He also failed to present them in his appeal, except that he raised the constitutional issues of due process and equal protection in his appellate reply brief. The state appellate court found that arguments raised for the first time in reply are waived, but regardless rejected his

constitutional claims because under *Webb v. Arizona Board of Medical Examiners*, 202 Ariz. 555, 48 P.3d 505 (App.2002), the proceedings comply with these constitutional requirements. (Rule 12 Motion by Napolitano, Westphal, ..., Ex. A: Ruling by Superior Court of Arizona, Maricopa County, filed 9/28/05, at 11–12.)

## PLAINTIFF'S OBJECTIONS

Plaintiff objects to dismissal of this action based on *res judicata* because the parties to this action are not named individually and are, therefore, not the same as those who acted in their official state capacities in the state court proceedings. The California Defendants were not parties in the state actions. Plaintiff argues that the state proceedings did not address the claims raised here, especially his constitutional claim, and 42 U.S.C. § 1983 does not require exhaustion of state court remedies. Plaintiff argues that the Defendants bad faith, harassment and discrimination in the state court proceedings prevented him from presenting the claims made here in the state courts. Plaintiff argues that the *Rooker–Feldman* doctrine does not apply because he alleges extrinsic fraud, and because he does not challenge the findings or decrees of the state courts nor attempt to reverse any ruling or order issued in the state proceedings. Instead, he sues the members of the Board and PACE individually for monetary damages.

## ARIZONA DEFENDANTS' OBJECTIONS

The Arizona Defendants point out that the Magistrate Judge held the issue of *res judicata* was dispositive of the entire action (Objection at 2 (citing Report and Recommendation at 1131, ln. 24)), because all the issues raised by Plaintiff in his present lawsuit could have been raised in the previous litigation, including the constitutional issues advanced here, *id.* at 1130–32. Having held them barred by *res judicata*, Defendants argue that their Motion to Dismiss should, therefore, be granted. The Arizona Defendants object to her recommendation to deny it as moot.

## DISCUSSION

The Magistrate Judge recommended granting the California Defendants' Motion to Dismiss and denying the Arizona Defendants' Motion to Dismiss as moot. This is a distinction without a difference because the Court lacks subject matter jurisdiction over the Plaintiff's claims under the *Rooker–Feldman* doctrine, and the Complaint cannot be amended to state a claim that is not barred by *res judicata*. For reasons explained in this Order, this Court shall grant the Defendants' motions to dismiss.

■ The *Rooker–Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *Rooker* and *Feldman* addressed 28 U.S.C. § 1257, wherein Congress vested appellate jurisdiction over state-court judgments in the Supreme Court of the United States, thereby precluding a federal district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate. *Rooker–Feldman* does not override or supplant preclusion doctrines of comity and abstention, such as collateral estoppel and *res judicata*. Preclusion is not a jurisdictional matter. *Id.* at 291–93, 125 S.Ct. 1517.

Petitioner does not come to this Court asking it to reverse the Board's Decree of Censure. Without any doubt, under the *Rooker–Feldman* doctrine, this Court would lack subject matter jurisdiction over such a case.

Instead, Plaintiff complains that the Defendants[3] conspired to deny him his due process and equal protection rights to peer review by subjecting him to standards of care applicable to practitioners of allopathic medicine instead of naturopathic medicine. He charges that the Defendants encouraged witnesses to falsely accuse him and discriminated against him because he is a nutritionist. Plaintiff asks for monetary damages resulting from the Board's censure, such as loss of business and damage to his reputation. He seeks punitive damages for the alleged violations of his constitutional rights, pursuant to 42 U.S.C. § 1983.

In *Feldman*, plaintiffs filed petitions asking for waivers of an admission rule that required applicants to have graduated from a law school approved by the American Bar Association (ABA). The state court denied the petitions. Plaintiffs filed a complaint in district court challenging the denials and also challenging the constitutionality of the bar admission rule. The Supreme Court held that the district courts have no jurisdiction over a challenge to a judicial proceeding, including individual claims of constitutional violations because 28 U.S.C. § 1257 vests such jurisdiction in the Supreme Court of the United States.

For jurisdiction to survive in the district court, a claim must be a "general" constitutional attack on a disciplinary scheme and its rules and regulations, and not a challenge to the constitutionality of practices as applied to a plaintiff. *See e.g., Musslewhite*, 32 F.3d at 946 (explaining the *Rooker–Feldman* analysis). Even "a general constitutional attack that is nonetheless 'inextricably intertwined' with a

state court judgment of reprimand cannot be properly heard in federal [district] court." *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. 1303. Moreover, the *Rooker–Feldman* doctrine prevents the district courts from exercising jurisdiction over claims that were not presented to the state court, if they could have been raised but were not. *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 946 n. 15 (5th Cir.1994) *(relying on Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. 1303.)

As directed by *Feldman*, this Court scrutinizes the Plaintiff's Complaint to discern the nature of Plaintiff's claims. This is not a facially neutral challenge to some rule or regulation over which this Court could exercise its jurisdiction. Here, the Plaintiff makes summary assertions of general constitutional violations, but he does not challenge any rule, code of conduct, or practice or procedure. Each allegation is particular to his disciplinary case.[4] As to these claims, his only recourse was by writ of certiorari to the United States Supreme Court pursuant to 28 U.S.C. § 1257.

As noted above, the district court could hear allegations that involve a general attack on the constitutionality of a rule, practice, or procedure. For example, in *Feldman*, the respondents claimed the bar rule was unconstitutional because it created an irrebuttable presumption that only graduates of accredited law schools are fit to practice law, discriminated against those who have obtained equivalent legal training by other means, and impermissibly delegated the District of Columbia Court of Appeals' power to regulate the bar to the American Bar Association. The Su-

---

**3.** The Court's discussion does not distinguish between the Arizona and California Defendants because the factual allegations in Plaintiff's Complaint supporting his claims are indistinguishable as to Defendants.

**4.** His alleged damages result from the Defendants' investigating, hearing, deciding, and issuing the Decree of Censure and Probation.

preme Court explained that these claims did not require review of a judicial decision in a particular case. The district court, therefore, had subject matter jurisdiction over these elements of the respondents' complaints. The Supreme Court remanded the case expressly refusing to reach the question of whether the doctrine of *res judicata* would foreclose district court litigation. *Feldman,* 460 U.S. at 482–88, 103 S.Ct. 1303. In other words, if Plaintiff's Complaint is not dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, it may still be subject to dismissal because it is barred by *res judicata.*

Because Plaintiff's Complaint is subject to dismissal under *Rooker–Feldman* unless he states a general constitutional violation, the Magistrate Judge construed the Complaint as so amended. She also noted that the *Rooker–Feldman* doctrine does not dispose of Plaintiff's claim that Defendants encouraged witnesses to falsely accuse him and to give false testimony to the Board. (Report and Recommendation at 1132.) Assuming the Plaintiff could state a claim over which this Court could exercise its jurisdiction, the Magistrate Judge made findings on the issue of *res judicata. Id.* at 1132–33 (discussing ways the complaint might be amended to state claims against Napolitano and the California Defendants).

■ The Magistrate Judge's assumption and corresponding construction of the Complaint is appropriate because the Plaintiff is *pro se,* which entitles him to an explanation of the deficiencies of his claims and leave to amend the Complaint to state a claim. *Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir.1970); *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987); *Lopez v. Smith,* 203 F.3d 1122, 1129–1131 (9th Cir. 2000). However, there is no reason to allow an amendment where it is clear that no amendment can cure the defect. *Id.* Rather than grant the Plaintiff's motions to dismiss with leave to amend, and then after the amendment consider the issue of *res judicata,* this issue must be considered now.

■ The Court assumes that the Plaintiff's Complaint makes a general constitutional challenge over which this Court would have jurisdiction, such as: It is a violation of due process and equal protection rights to peer review to apply the standard of care for allopathic medicine to doctors who, under the auspices of an allopathic medical license, practice nutritional and metabolic medicine. Such a claim would not be particular to Plaintiff's disciplinary case and would not be subject to dismissal under the *Rooker–Feldman* doctrine.[5]

■ This Court agrees with the Magistrate Judge that such a constitutional claim would be barred by *res judicata.* Claims of extrinsic fraud would also be barred by *res judicata.*

■ "Under the doctrine of *res judicata,* a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Olson v. Morris,*

---

**5.** Compare to the charges in Plaintiff's Complaint that he has been deprived of his constitutional rights because of the standard of care applied in his case. "Practitioners of allopathic medicine are licensed and regulated by [the Arizona Medical Board] while practitioners of naturopathic medicine are licensed and regulated by the Naturopathic Physicians Board of Medical Examiners. Plaintiff practices nutritional and metabolic medicine under the auspices of his allopathic medical license issued by Defendant and is therefore subject to the rules, regulations, standards, and authority of Defendant." (Rule 12 Motion by Napolitano, Westphal, ..., Ex. A: Ruling by Superior Court of Arizona, Maricopa County, filed 9/28/05, at 3.)

188 F.3d 1083, 1086 (9th Cir.1999) (citing *Gilbert v. Board of Medical Examiners of the State of Arizona*, 155 Ariz. 169, 174, 745 P.2d 617 (1987)). "This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points that might have been litigated." *Id.; see also Hawkins v. Dept. Economic Security*, 183 Ariz. 100, 900 P.2d 1236, 1239 (1995).

Plaintiff made an untimely presentation of his constitutional claims of due process and equal protection in his appellate reply brief in the Superior Court of Arizona. Plaintiff claims that the Defendants harassed him, acted in bad faith, and discriminated against him because he was a nutritionist and they were allopathic medical practitioners. Except for his claim that Defendants consequently applied the unfair allopathic medicine standard of care in his case, the only other specific fact alleged by the Plaintiff to support his claims is that Defendants encouraged witnesses to falsely accuse him. Like the facts alleged to support his constitutional claims, his factual allegations of extrinsic fraud were apparent within the context of the state proceeding and, therefore, could have been litigated in the state courts.

 The Magistrate Judge correctly found that federal courts must accord the same preclusive effect to a state administrative decision that the state itself would apply. *Id.* at 1131 (citing *University of Tennessee v. Elliott*, 478 U.S. 788, 798–99, 106 S.Ct. 3220, 92 L.Ed.2d 635

(1986)). Looking to Arizona law, the Ninth Circuit Court of Appeals held that a party to an administrative determination may file an appeal with the superior court. *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir.1999); A.R.S. § 12–902. "Failure to do so makes the administrative decision final and res judicata." *Id.* at 1131 (citing *Olson*, 188 F.3d at 1086). " 'This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action not only upon facts actually litigated but also upon those points that might have been litigated.' " *Id.* "Under Arizona law, an unappealed administrative decision is 'conclusively presumed to be just, reasonable and lawful.' " *Id.* " 'This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal.' " *Id.*

 As the Magistrate Judge pointed out: "Dommisse failed to appeal the final amended decree of the Board. This final decision is now a res judicata and may not be challenged even in a separate action in federal court. The constitutional issues[6] Dommisse advances in the instant action could have been brought before the Board or on appeal before the state court. Dommisse failed to do so and is precluded from litigating them now. The instant action is barred by res judicata." *Id.* This is equally true for Plaintiff's claims of extrinsic fraud because he could have raised and resolved them in the state proceeding.

---

**6.** Civil rights cases involving race, gender, and national origin discrimination are not applicable here. Practitioners of nutritional and metabolic medicine are not protected classes of individuals. *See Lara v. City of Chicago*, 968 F.Supp. 1278, 1289 (N.D.Ill. 1997) (citing *Huebschen v. Dept. of Health and Social Services* 716 F.2d 1167, 1171 (7th Cir. 1983)) (explaining that a person bringing an action under the Equal Protection Clause

must show intentional discrimination against him by a state governmental entity because of his membership in a protected class, not merely because he was treated unfairly as an individual); *see also, Personnel Adm. of Massachusetts v. Feeney*, 442 U.S. 256, 273, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (discussing why classifications based on gender, like those based upon race, are recognized protected classes).

After *de novo* review of the issues raised in the parties' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her Report and Recommendation for determining the pending motions. The Court finds that any claims not subject to dismissal under the *Rooker–Feldman* doctrine for lack of jurisdiction are precluded under the doctrine of *res judicata.* Additionally, for all the alternative reasons stated in the Defendants' motions to dismiss, this case is subject to dismissal for failure to state a claim. Normally, a *pro se* litigant should be given an opportunity to amend the complaint to overcome a deficiency unless it is clear that no amendment can cure the defect. *See e.g., Potter,* 433 F.2d at 1088; *Noll,* 809 F.2d at 1448; *Lopez,* 203 F.3d at 1129–1131. Because of *res judicata,* this is a case where no amendment can cure the defects. The Court shall, therefore, dismiss the Complaint without leave to amend it.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (document 46) is adopted as part of the Opinion of the Court.

**IT IS ORDERED** that the Motion to Dismiss (document 19) filed by the California Defendants is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (document 4) filed by the Arizona Defendants is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

## REPORT AND RECOMMENDATION

EDMONDS, United States Magistrate Judge.

Pending before the court is a motion to dismiss filed by the defendants, Janet Napolitano, Sydney Westphal, Mark Nanney, Miriam Anand, and P. Philip Scheerer (the Arizona defendants), on August 17, 2006. [doc. # 4]

Also pending is a motion to dismiss filed by the defendants, William Norcross, Peter 'Boal, and Joseph Scherger (the California defendants), on September 11, 2006. [doc. # 19]

The plaintiff brings an action pursuant to 42 U.S.C. § 1983–1988. He claims his due process rights were violated when he was sanctioned by the Arizona Medical Board.

The Arizona defendants move that this court dismiss the action pursuant to FED. R.CIV.P. 12(b) because (1) the court lacks subject matter jurisdiction under the *Rooker–Feldman* Doctrine, (2) the plaintiff failed to state a claim upon which relief can be granted against Janet Napolitano, and (3) service of process is insufficient.

The California defendants move to dismiss pursuant to FED.R.CIV.P. 12(b) and 12(e) because (1) the defendants are not subject to personal jurisdiction in this court, (2) the court lacks subject matter jurisdiction under the *Rooker–Feldman* Doctrine, (3) the defendants are immune from suit under the federal common law litigation privilege, (4) the plaintiff's claims are barred by collateral estoppel, (5) the Eleventh Amendment bars the complaint, and (6) the defendants are not persons amenable to prosecution under section 1983. In the alternative, the California defendants move for a more definite statement pursuant to FED.R.CIV.P. 12(e).

The case was referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

On October 24, 2006, this court ordered the California defendants and Dommisse to file supplemental briefs on the related issue of res judicata. *See McClain v. Apo-*

*daca,* 793 F.2d 1031, 1032 (9th Cir.1986) (The court may raise the issue of res judicata sua sponte.) In their supplemental brief, the California defendants argue res judicata bars the instant action. Dommisse filed a response in opposition.

A hearing on the motions was held on January 9, 2007, before Magistrate Judge Edmonds.

*Factual and Procedural Background*

The plaintiff, John V. Dommisse, is a physician licensed to practice medicine by the Arizona Medical Board (the Board). [doc. # 4, Exhibit A., p. 2.] He has been practicing in Tucson since 1994. *Id.*

Dommisse was originally educated in conventional allopathic medicine. *Id.* Since that time, he has developed an interest in nutritional and metabolic medicine which he describes as complementary to conventional allopathic medicine. *Id.*

In 1997, the Board received a complaint from one of Dommisse's patients. *Id.,* p. 3. The Board conducted an investigation and issued a Stipulation and Order on May 15, 1998, which required Dommisse to complete certain Continuing Medical Education courses. *Id.*

The Board subsequently received complaints from four other patients. *Id.* The Board conducted an investigation of these complaints and Dommisse's alleged failure to comply with the Board's previous order. *Id.* On January 14, 2003, the Board issued a Complaint and Notice of Hearing. *Id.*

Administrative Law Judge Tully conducted an evidentiary hearing. *Id.* He found Dommisse committed unprofessional conduct and recommended the Board revoke Dommisse's license but stay the revocation on condition Dommisse successfully complete five years of probation. *Id.* The Board issued a Decree of Censure and Probation. *Id.* The Board reduced the sanction to public censure with five years of probation. *Id.;* p. 4. The Decree of Censure required, among other things, that Dommisse undergo an independent evaluation of his medical skills. *Id.*

Dommisse appealed to the Arizona Superior Court. *Id.,* p. 1. The Board's findings were affirmed in part and reversed in part. *Id.,* pp. 1–12. The case was remanded to the Board which issued an amended Decree of Censure and Probation. [doc. # 4, p. 2.] Dommisse did not appeal the amended decree. *Id.*

Pursuant to the amended decree, Dommisse was evaluated by the Physician Assessment and Clinical Education Program (PACE) at the University of California, San Diego. [doc. # 19., p. 1]

On July 20, 2006, Dommisse filed the instant action in federal court. He claims the defendants conspired to have him wrongly censured by the Board. (Complaint.) He claims the Board's decision against him was secured in violation of his procedural due process rights. *Id.* He further claims the defendants encouraged witnesses to submit false accusations against him. *Id.* Fundamentally, he claims the Board members and consultants are biased against him because they are practitioners of allopathic medicine and are antagonistic toward his practice of nutritional medicine. *Id.*

Janet Napolitano is the Governor of the State of Arizona and appoints the members of the Board. [doc. # 4, p. 3] Scheerer and Nanney acted at various times as Chief Medical Consultant to the Board. *Id.* Westphal and Anand are physicians who provided consulting services to the Board. *Id.* The California defendants, Norcross, Boal, and Scherger, are part of the PACE program and are employed by the Regents of the University of California. *Id.*

*Standard: Failure to State a Claim Upon Which Relief Can be Granted*

A complaint may be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002), *cert. denied*, 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003). "[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by, Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*

In considering the motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir.2004). "Conclusory allegations of law" and "unwarranted inferences" are, however, insufficient to defeat the motion. *In re VeriFone Securities Litigation*, 11 F.3d 865, 868 (9th Cir.1993).

*Discussion*

The court first considers the issue of res judicata addressed in the supplementary briefs. This issue is dispositive of the entire action.

Federal courts must accord the same preclusive effect to a state administrative decision that the state itself would apply. *University of Tennessee v. Elliott*, 478 U.S. 788, 798–99, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). Arizona law allows a party to an administrative determination to file an appeal with the superior court. *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir.1999); A.R.S. § 12–902. Failure to do so makes the administrative decision final and res judicata. *Id.* "This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action not only upon facts actually litigated but also upon those points that might have been litigated." *Olson*, 188 F.3d at 1086. Under Arizona law, an unappealed administrative decision is "conclusively presumed to be just, reasonable and lawful." *Id.* "This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal." *Id.*

In this case, Dommisse failed to appeal the final amended decree of the Board. This final decision is now a res judicata and may not be challenged even in a separate action in federal court. *Olson*, 188 F.3d at 1086. The constitutional issues Dommisse advances in the instant action could have been brought before the Board or on appeal before the state court. *Id.*; *See, e.g., Webb v. State ex rel. Arizona Bd. of Medical Examiners*, 202 Ariz. 555, 48 P.3d 505 (App.2002) (raising procedural and substantive due process issues). Dommisse failed to do so and is precluded from litigating them now. The instant action is barred by res judicata. *See Olson v. Morris*, 188 F.3d 1083 (9th Cir.1999) (Res judicata barred section 1983 action against members of the Arizona Board of Psychologist Examiners in their individual and official capacities.).

In his supplemental response, Dommisse argues the doctrine of res judicata does not apply to claims of discrimination citing *Hawkins v. State of Arizona*, 183 Ariz. 100, 900 P.2d 1236 (App.1995). In *Hawkins*, the Arizona Court of Appeals held that the doctrines of res judicata and collateral estoppel do not apply to discrimination claims brought pursuant to the Arizona Civil Rights Act (ACRA). *Id.* The

application of these doctrines would be inconsistent with the intent and purpose of the ACRA. *Id.* Dommisse, however, has not brought a claim pursuant to the ACRA. *Hawkins* does not apply.

In the interest of completeness, the remaining grounds for dismissal will now be addressed.

 All defendants argue this case must be dismissed pursuant to the *Rooker–Feldman* doctrine. Under this doctrine, lower federal courts lack subject matter jurisdiction to review state court decisions. *Mothershed v. Justices of the Supreme Court,* 410 F.3d 602, 606–07 (9th Cir.2005). In addition, they lack jurisdiction to review any claim brought in federal court which is "inextricably intertwined" with a state court decision. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486–87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The United States Supreme Court is the only federal court permitted to review a state court judgment. *Mothershed,* 410 F.3d at 606.

In the instant case, Dommisse argues the Board denied him procedural due process in a number of ways. It failed to comply with the Privacy Act, failed to provide rules and regulations, failed to provide discovery, etc. Further, he argues the Board members acted under a conflict of interest because they are all practitioners of allopathic medicine and he practices nutritional medicine. This court lacks jurisdiction over all of these claims under the *Rooker–Feldman* doctrine. If this court were to find the Board denied Dommisse procedural due process, this court would be implicitly overruling the Superior Court's judgment upholding in part the decision of the Board. *Rooker–Feldman* forbids this. *See Mothershed,* 410 F.3d at 607.

The *Rooker–Feldman* doctrine, however, does not dispose of Dommisse's claim that the defendants encouraged witnesses to give false testimony to the Board. This claim does not implicate the decision of the state court. *See, e.g., Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140–41(9th Cir.2004) *(Rooker–Feldman* does not apply to claim of extrinsic fraud.).

Under the *Rooker–Feldman* doctrine, this court is without jurisdiction to review Dommisse's procedural due process claims. They should be dismissed.

The Arizona defendants further argue the case should be dismissed for insufficient service of process. This argument now moot. Dommisse filed proof of service against all defendants shortly after the Arizona defendants filed their motion to dismiss. [doc.## 11–18]

Discussion of the remaining issues is problematic because the complaint is vague when it comes to specifying the activities of the individual defendants. For the most part, the complaint makes general, conclusory accusations about the activities of "the defendants" as a whole.

 The Arizona defendants argue Dommisse fails to state a viable claim against Janet Napolitano in her individual capacity. Dommisse mentions Janet Napolitano, by name, only once stating that she heads the Board. This single mention is insufficient to state a claim against her. *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied,* 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). However, if Dommisse believes she suborned perjury or conspired against him, then the complaint might be amended to state a viable claim against her.

The California defendants' motion to dismiss based on personal jurisdiction is difficult to analyze because it is not clear

what Dommisse claims the California defendants did to violate his due process rights. If they simply evaluated Dommisse and presented their findings to the Board, personal jurisdiction in Arizona is problematic. If, on the other hand, Dommisse believes they conspired with the Arizona defendants to harass Dommisse because he practices nutritional medicine, the complaint might be amended in a way that would support personal jurisdiction. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 803 (9th Cir.2004) ("Under Calder, the 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.").

The California defendants further argue they are immune from suit due to the litigation privilege citing generally Briscoe v. LaHue, 460 U.S. 325, 329–30, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). This privilege might apply if Dommisse claims he was harmed only by the report they submitted to the Board. If he believes they conspired with Board members to harm him because he practices nutritional medicine, the complaint might be amended to avoid this defense.

The California defendants also argue they are immune from suit because they are being sued in their official capacity. An official capacity suit, they argue, is a suit against the state which is precluded by the 11th Amendment. Moreover, a suit against the state is not a suit against a "person" as required by the terms of § 1983. Dommisse, however, explicitly states the California defendants are being sued in their individual capacities, not their official capacities. These argument, therefore, are inapposite.

*Recommendation*

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the motion to dismiss filed by the defendants, William Norcross, Peter Boal, and Joseph Scherger (the California defendants), on September 11, 2006. [doc. # 19] The action is barred by res judicata.

The motion to dismiss filed by the defendants, Janet Napolitano, Sydney Westphal, Mark Nanney, Miriam Anand and P. Philip Scheerer (the Arizona defendants), on August 17, 2006, should be DENIED as MOOT. [doc. # 4]

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).

The Clerk is directed to send a copy of this report and recommendation to all parties.