**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

    v.

OSCAR ARMANDO HERNANDEZ-
ACUNA,
         *Defendant-Appellant.*

No. 06-10173

D.C. No.
CR-05-00519-1-
DCB

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
July 10, 2007—San Francisco, California

Filed August 16, 2007

Before: David R. Thompson, Pamela Ann Rymer, and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Rymer

**COUNSEL**

Raul A. Miranda, Tucson, Arizona, for defendant-appellant Oscar Armando Hernandez-Acuna.

George Ferko, Assistant United States Attorney, Christina M. Cabanillas, Appellate Chief, and Paul K. Charlton, United States Attorney, Tucson, Arizona, for appellee the United States.

**OPINION**

RYMER, Circuit Judge:

Oscar Hernandez-Acuna appeals his conviction and sentence for conspiracy and possession of marijuana with the intent to distribute. The issue is whether the district court's rejection of the magistrate judge's recommendation to suppress evidence without conducting its own evidentiary hearing violated due process. In this case, even if the court should

have held a de novo hearing, the same witnesses who testified before the magistrate judge at the suppression hearing testified at trial about why they stopped and searched Hernandez-Acuna's car. Hernandez-Acuna asked the court to consider its ruling again after the close of evidence. In these circumstances, we conclude that remand for another hearing is not required. Accordingly, we affirm.

I

On the night of February 19, 2005, Border Patrol Agents John Howard, Luis Santiesteban, and Anthony Ortiz were stationed in two marked vehicles next to State Road 83 near Vail, Arizona, on the lookout for smugglers. Howard and Santiesteban testified at the suppression hearing and at trial that they saw a sedan and a pickup truck approaching their position; they believed the two vehicles were driving in tandem; they noticed that both vehicles had temporary registration tags, which smugglers' vehicles frequently display; and they thought the rigid reaction to their floodlights of the driver (Hernandez-Acuna) and passenger in the sedan was unusual.[1] Santiesteban pulled onto the road behind the truck, where he observed bundles that he believed were marijuana. He radioed this to Howard, who was following the sedan. Santiesteban stopped the truck and Howard stopped the sedan. Upon inquiry they discovered that both vehicles were registered to the same address and to owners with similar names, and that both had been purchased from the same dealership within days of each other. The agents then placed Hernandez-Acuna under arrest.

Hernandez-Acuna was indicted in the District of Arizona on charges of conspiracy and possession with intent to distribute approximately 302 kg of marijuana in violation of 21 U.S.C. §§ 841 and 846. He filed a motion to suppress evidence seized by the Border Patrol, including in particular the

---

[1]Ortiz was indisposed and did not testify on either occasion.

registration documents that linked his car to the truck in which the marijuana was found. The motion was referred to a magistrate judge, who recommended suppression. He concluded that the government had not set forth an objective and rational basis to support the conclusion that the sedan and truck were traveling together.

The government objected to the Report pursuant to 28 U.S.C. § 636(b)(1), arguing that the magistrate judge's analysis was inconsistent with *United States v. Arvizu*, 534 U.S. 266 (2002). The district court disagreed with the magistrate judge's report and declined its recommendation. In its view, under the totality of the circumstances, the agents had a reasonable suspicion that the sedan was traveling in tandem with the truck.

Howard and Santiesteban testified during the two-day trial, as they had at the evidentiary hearing, about the stop and search of Hernandez-Acuna's sedan. Defense counsel cross-examined extensively, and sought to impeach the agents based in part on the transcript of proceedings before the magistrate judge. At the close of evidence, Hernandez-Acuna moved for reconsideration of his earlier motion to suppress, which the district court denied. The jury returned a guilty verdict.

Hernandez-Acuna timely appeals the district court's failure to conduct a de novo evidentiary hearing.[2]

---

[2]Hernandez-Acuna asserts a violation of the Fifth Amendment, not the Fourth Amendment. The Fourth Amendment is in play only to the extent that the Fifth Amendment guarantees that the merits of Fourth Amendment challenges will receive an appropriate hearing. Otherwise, Hernandez-Acuna has waived any claim that the order denying his motion to suppress was infirm under substantive Fourth Amendment law by failing to develop any argument with respect to it.

II

We first addressed the question whether a district court must conduct its own evidentiary hearing before rejecting a magistrate judge's recommendation to suppress evidence in *United States v. Bergera*, 512 F.2d 391 (9th Cir. 1975). At issue there was the reach of our decision in *Campbell v. United States District Court for the Northern District of California*, 501 F.2d 196 (9th Cir. 1974), which had upheld the constitutionality of the Federal Magistrates Act, 28 U.S.C. § 636, against an as applied challenge under Article III of the Constitution. *Campbell* had established that it is consistent with Article III for a magistrate judge to conduct a suppression hearing, provided that the district judge makes the ultimate determination granting or denying the motion. 501 F.2d at 205. *Bergera* limited the scope of this rule, holding that it did not extend to a case in which the magistrate judge recommended granting a motion to suppress and the district court subsequently denied the motion based on the record of the suppression hearing conducted by the magistrate judge. 512 F.2d at 392-94.

**[1]** Subsequently, the Supreme Court's decision in *United States v. Raddatz*, 447 U.S. 667 (1980), confirmed the correctness of *Campbell*'s holding that magistrate judges may conduct suppression hearings. The Supreme Court recognized that the issue has a due process dimension in addition to the Article III concerns that we addressed in *Campbell*, but it concluded that use of magistrate judges to conduct suppression hearings comported with the Due Process Clause as well as with Article III. 447 U.S. at 680, 683-84. However, the Court clarified that its decision did not reach the issue of the process required when a district judge rejects a magistrate judge's proposed findings on credibility. *Id.* at 681 n.7. For a district judge to reject a magistrate judge's dispositive findings on credibility without himself hearing the witnesses' testimony could, the Court noted, "give rise to serious questions." *Id.* Consequently, we reaffirmed in *United States v. Ridgway*, 300

F.3d 1153 (9th Cir. 2002), that a district court errs when it does not conduct a de novo evidentiary hearing if it rejects the credibility finding of a magistrate judge who recommends granting a motion to suppress. *Id.* at 1156-57. We further clarified that this rule encompasses all credibility findings, without any limitation to findings based on a witness's demeanor, *id.* at 1157, but we did not decide whether the same rule applies to a reversal based on findings other than credibility, *id.* at 1157 n.3.

**[2]** Here, the magistrate judge did not make an express credibility finding, nor, unlike *Ridgway,* did the district court expressly reject findings with respect to the agents' credibility. However, the magistrate judge's Report does state that he "finds it troubling that upon the Court's open-ended questioning, the agents' responses as to why they believed the vehicles were connected indicates that the issue of the temporary plates did not arise until after the agents reviewed the registration once the Defendant was stopped, i.e., the confirmation alone that the truck was transporting marijuana precipitated the stop." In context, this statement is ambiguous. It could be taken to implicate the agents' credibility — or it could be taken as an "aside" that was unnecessary to the magistrate judge's legal judgment that the presence of lawful temporary plates on two vehicles being driven in a lawful manner is not a basis for believing that the vehicles are being driven together. We cannot tell how the district court interpreted the magistrate judge's statement, but the court's order appears to assume that the agents factored their observation of temporary license plates into the reasonable suspicion calculus. To the extent the magistrate judge's statement was intended as a reflection on the agents' credibility, it should not have been rejected absent live testimony upon which to do so.

**[3]** We need not wrestle further with the ambiguity, however, because in this case if there were error, it was cured by the instant replay that occurred at trial. As the Supreme Court indicated in *Carroll v. United States*, 267 U.S. 132, 162

(1925), and we echoed in *United States v. Sanford*, 673 F.2d 1070, 1072 (9th Cir. 1982), denial of a motion to suppress may be sustained on the basis of evidence presented at trial. The reason is: "[t]he whole matter was gone into at the trial, so no right of the defendants was infringed." *Carroll*, 267 U.S. at 162. Howard and Santiesteban were the only witnesses at the suppression hearing, and both testified at trial about when and why they thought Hernandez-Acuna's sedan was linked to the truck. In this, Hernandez-Acuna's situation is unlike *Bergera*, where one witness who testified at the suppression hearing did not testify at trial. Howard and Santiesteban were examined and cross-examined about all aspects of the stop, including the temporary tags and what they signified. Their credibility was attacked. The district judge was able to see and hear their live testimony and to observe their demeanor. He could evaluate their trustworthiness and the weight of the factors they considered for himself. In short, the judge had the opportunity to do exactly what he would have done had he held an evidentiary hearing. Of course it cannot be gainsaid that trials serve a different function from evidentiary hearings; but judges can, and occasionally do, revisit their pretrial rulings as a trial runs its course and testimony or exhibits are adduced that put threshold decisions in a different light. Moreover, there is no question the parties and the court understood that suppression was on the table; Hernandez-Acuna specifically asked for the court to rule again.

**[4]** In these circumstances, we conclude that there is no need for another evidentiary hearing.

AFFIRMED.