**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10004 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-01070-RCC-CRP-1 |
| v. | |
| ALLEN MICHAEL DONAHUE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted November 2, 2010
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and KORMAN, Senior District Judge.[**]

Defendant-Appellant Allen Donahue appeals the decision of the district

court to deny his motion to suppress incriminating statements he made while in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

federal custody. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

Donahue claims that statements he made while in federal custody were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that the district court erred when it denied his motion to suppress those statements. We review de novo a district court's decision to deny a motion to suppress statements that may have been obtained in violation of *Miranda*. *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 855 (9th Cir. 2005).

A waiver of *Miranda* rights must be voluntary, and it must be knowing and intelligent. *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008). "Whether the waiver was voluntary is a mixed question of fact and law, which we review de novo." *United States v. Amano*, 229 F.3d 801, 803 (9th Cir. 2000); *accord United States v. Labrada-Bustamante*, 428 F.3d 1252, 1259 (9th Cir. 2005). The crucial inquiry into voluntariness is whether the police conduct was coercive. *Derrick v. Peterson*, 924 F.2d 813, 818 (9th Cir. 1990). The voluntariness of a waiver depends on "the absence of police overreaching, not on 'free choice' in any broader sense of the word." *Colorado v. Connelly*, 479 U.S. 157, 170 (1986).

Donahue offers no evidence that he was coerced into waiving his *Miranda* rights or that the police overreached.

Whether a waiver of *Miranda* rights was knowing and intelligent is a factual question that we review for clear error. *Amano*, 229 F.3d at 803. Donahue contends that he was so intoxicated on the day of his arrest that he could not fairly be said to knowingly and intelligently waive his *Miranda* rights and that his confession was not "the product of a rational intellect and a free will." *Gladden v. Unsworth*, 396 F.2d 373, 380–81 (9th Cir. 1968). The district court disagreed, and found that Donahue was not so intoxicated that he could not knowingly and intelligently waive *Miranda*. Under the "clear error" standard, if the district court's account of the evidence is plausible in light of the entire record, we must affirm even if we would have found differently. *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002), *aff'd*, 540 U.S. 644 (2004). We have reviewed the record, and we conclude that the district court's decision is not implausible or clearly erroneous.

**II**

Donahue further contends that district court erred when it rejected the findings and recommendation of the magistrate judge and, instead, denied Donahue's motion to suppress without holding a separate, de novo evidentiary

3

hearing. The government argues that the district court did not reject the magistrate judge's findings, but, rather, "[t]he district court . . . simply reached a different legal conclusion based on the facts." Appellee's Br. 23. We review de novo a district court's decision not to conduct an evidentiary hearing when rejecting the report and recommendation of a magistrate judge. *United States v. Ridgway*, 300 F.3d 1153, 1155 (9th Cir. 2002).

In *Ridgway*, we held that a de novo evidentiary hearing is required, not just if the district court rejects the magistrate judge's findings of fact, but also if the district court rejects the magistrate judge's credibility determinations. *Id.* at 1156–57. Here, the magistrate judge did not simply lay out undisputed facts and draw a legal conclusion; rather, the magistrate judge identified "two different and irreconcilable versions of the facts," and stated that the resolution of this "factual dispute" would resolve the motion. Excerpts of R. at 50. The magistrate judge found that the government agent's testimony was uncorroborated and not as credible as the testimony for Donahue. It is not clear from the record whether the district court weighed the same facts and accepted the credibility determinations that were made by the magistrate judge, but then determined that Donahue voluntarily, knowingly and intelligently waived his *Miranda* rights. We conclude that it is more likely that the district court believed the testimony of the

4

government agents and rejected Donahue's testimony that he was so drunk that he did not remember anything that day. The district court did not hold an evidentiary hearing, which would have allowed him to make his own credibility determinations and findings of fact. *See Ridgway*, 300 F.3d at 1155. If the district court made credibility determinations, different than those made by the magistrate judge, or rejected the magistrate judge's factual findings on the disputed record without an evidentiary hearing, this was a violation of Donahue's due process rights. *Id.* at 1157.

**III**

The government argues that any violation of due process was cured by the eventual trial, at which the district court had the opportunity to observe the witnesses and make his own credibility determinations. To support this position, the government relies on *United States v. Hernandez Acuna*, 498 F.3d 942 (9th Cir. 2007). There, we held that the "denial of a motion to suppress may be sustained on the basis of evidence presented at trial." *Id.* at 945. In that case, trial was an "instant replay" of the evidentiary hearing, and "the judge had the opportunity to do exactly what he would have done had he held an evidentiary hearing." *Id.* Donahue urges us to distinguish *Hernandez-Acuna* because, in that case, "there [was] no question the parties and the court understood that suppression was on the

table; Hernandez-Acuna specifically asked for the court to rule again." *Id.*
Moreover, Donahue contends that the trial here was not an "instant replay" of the evidentiary hearing because parts of the testimony given by the government's witnesses at trial were different from what those same witnesses said at the evidentiary hearing.

The government argues in substance that the differences between what the government's witnesses said at the evidentiary hearing and what they said at trial are not significant. It may be that the district court judge had the opportunity to "see and hear [the witnesses'] live testimony and to observe their demeanor" and to "evaluate their trustworthiness . . . for himself." *Id.* However, it is not clear from the record or the briefs whether the issue of suppression was still "on the table" at trial, as it was in *Hernandez-Acuna*. *Id.* The record does not show that the district court contemplated the suppression motion during or after trial, or that Donahue "specifically asked for the court to rule again." *Id.*

We remand to the district court with a request that it answer the following two questions:

> 1. Did the district court recognize during trial that it could change its ruling on the suppression motion if the evidence so warranted?

2.  Was there anything in the presentation of evidence at trial that would have caused the district court to reconsider the suppression motion had it been asked to do so during or after trial?

The panel retains appellate jurisdiction of this case and its present records and files.  Upon the order of the district court, this appeal will be re-submitted to the panel for further proceedings, and the panel will make its ruling concerning the potential applicability of *Hernandez-Acuna* in the light of the district court's answers to these questions.

**REMANDED.**

**United States v. Donahue, No. 10-10004**

CALLAHAN, Circuit Judge, dissenting:

I would affirm under *United States v. Hernandez-Acuna*, 498 F.3d 942 (9th Cir. 2007).

In both this case and in *Hernandez-Acuna*, (1) a magistrate judge presided over an evidentiary hearing regarding the defendant's suppression motion; (2) the magistrate judge recommended suppression; (3) the district judge rejected the magistrate judge's recommendation (which arguably also included a rejection of the magistrate judge's credibility findings) and denied the suppression motion without holding a separate evidentiary hearing; and (4) the same district judge who denied the suppression motion, went on to preside over the trial and to hear the exact same witnesses who had testified in the evidentiary hearing before the magistrate judge. The court in *Hernandez-Acuna* determined that any error had been cured by the "instant replay" at trial, and in my view, the same reasoning and result applies here.

As in *Hernandez-Acuna*, here the district court was given all the tools at trial to make an informed decision as to whether it should revisit its ruling on the suppression motion. The witnesses were examined and cross-examined about their detention of Donahue, and the district judge was able to see and hear the witnesses' live testimony, observe their demeanor and evaluate their

trustworthiness. Although Donahue did not "specifically ask[] for the court to rule again" on the suppression motion at trial, *see Hernandez-Acuna*, 498 F.3d at 945, we stated in *Hernandez-Acuna* that "judges can, and occasionally do, revisit their pretrial rulings as a trial runs its course and testimony or exhibits are adduced that put threshold decisions in a different light." *Id.* In the absence of evidence to the contrary, we should accept that the district judge recognized that he could revisit his ruling on Donahue's suppression motion if the evidence at trial so warranted. Accordingly, the district judge's decision not to revisit that ruling, in light of the evidence presented at trial, need not be explored through the question-and-answer procedure that the majority prescribes.[1] I respectfully dissent.

---

[1] I recognize that the Second Circuit engages in the practice of seeking supplementation of a record by issuing questions to the district court, while retaining jurisdiction. *See, e.g.*, *United States v. Arenburg*, 605 F.3d 164 (2d Cir. 2010); *United States v. Jacobsen*, 15 F.3d 19 (2d Cir. 1994). There may be times when this practice is appropriate, but even so, it is not warranted on the facts of this case.

2