MEMORANDUM **
Defendant-Appellant Allen Donahue appeals the decision of the district court to deny his motion to suppress incriminating statements he made while in federal custody. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.
I
Donahue claims that statements he made while in federal custody were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that the district court erred when it denied his motion to suppress those statements. We review de novo a district court’s decision to deny a motion to suppress statements that may have been obtained in violation of Miranda. United States v. Rodriguez-Rodnguez, 393 F.3d 849, 855 (9th Cir.2005).
A waiver of Miranda rights must be voluntary, and it must be knowing and intelligent. Cox v. Del Papa, 542 F.3d 669, 675 (9th Cir.2008). “Whether the waiver was voluntary is a mixed question of fact and law, which we review de novo.” United States v. Amano, 229 F.3d 801, 803 (9th Cir.2000); accord United States v. Labrada-Bustamante, 428 F.3d 1252, 1259 (9th Cir.2005). The crucial inquiry into voluntariness is whether the police conduct was coercive. Derrick v. Peterson, 924 F.2d 813, 818 (9th Cir.1990). The voluntariness of a waiver depends on “the absence of police overreaching, not on ‘free choice’ in any broader sense of the word.” Colorado v. Connelly, 479 U.S. 157, 170, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). Donahue offers no evidence that he was coerced into waiving his Miranda rights or that the police overreached.
Whether a waiver of Miranda rights was knowing and intelligent is a factual question that we review for clear error. Amano, 229 F.3d at 803. Donahue contends that he was so intoxicated on the day of his arrest that he could not fairly be said to knowingly and intelligently waive *119 his Miranda rights and that his confession was not “the product of a rational intellect and a free will.” Gladden v. Unsworth, 396 F.2d 373, 380-81 (9th Cir.1968). The district court disagreed, and found that Donahue was not so intoxicated that he could not knowingly and intelligently waive Miranda. Under the “clear error” standard, if the district court’s account of the evidence is plausible in light of the entire record, we must affirm even if we would have found differently. Husain v. Olympic Airways, 316 F.3d 829, 835 (9th Cir.2002), aff'd, 540 U.S. 644, 124 S.Ct. 1221, 157 L.Ed.2d 1146 (2004). We have reviewed the record, and we conclude that the district court’s decision is not implausible or clearly erroneous.
II
Donahue further contends that district court erred when it rejected the findings and recommendation of the magistrate judge and, instead, denied Donahue’s motion to suppress without holding a separate, de novo evidentiary hearing. The government argues that the district court did not reject the magistrate judge’s findings, but, rather, “[t]he district court ... simply reached a different legal conclusion based on the facts.” Appellee’s Br. 23. We review de novo a district court’s decision not to conduct an evidentiary hearing when rejecting the report and recommendation of a magistrate judge. United States v. Ridgway, 300 F.3d 1153, 1155 (9th Cir.2002).
In Ridgway, we held that a de novo evidentiary hearing is required, not just if the district court rejects the magistrate judge’s findings of fact, but also if the district court rejects the magistrate judge’s credibility determinations. Id. at 1156-57. Here, the magistrate judge did not simply layout undisputed facts and draw a legal conclusion; rather, the magistrate judge identified “two different and irreconcilable versions of the facts,” and stated that the resolution of this “factual dispute” would resolve the motion. Excerpts of R. at 50. The magistrate judge found that the government agent’s testimony was uncorroborated and not as credible as the testimony for Donahue. It is not clear from the record whether the district court weighed the same facts and accepted the credibility determinations that were made by the magistrate judge, but then determined that Donahue voluntarily, knowingly and intelligently waived his Miranda rights. We conclude that it is more likely that the district court believed the testimony of the government agents and rejected Donahue’s testimony that he was so drunk that he did not remember anything that day. The district court did not hold an evidentiary hearing, which would have allowed him to make his own credibility determinations and findings of fact. See Ridgway, 300 F.3d at 1155. If the district court made credibility determinations, different than those made by the magistrate judge, or rejected the magistrate judge’s factual findings on the disputed record without an evidentiary hearing, this was a violation of Donahue’s due process rights. Id. at 1157.
Ill
The government argues that any violation of due process was cured by the eventual trial, at which the district court had the opportunity to observe the witnesses and make his own credibility determinations. To support this position, the government relies on United States v. Hernandez-Acuna, 498 F.3d 942 (9th Cir.2007). There, we held that the “denial of a motion to suppress may be sustained on the basis of evidence presented at trial.” Id. at 945. In that case, trial was an “instant replay” of the evidentiary hearing, *120 and “the judge had the opportunity to do exactly what he would have done had he held an evidentiary hearing.” Id. Donahue urges us to distinguish Hernandez-Acuna because, in that case, “there [was] no question the parties and the court understood that suppression was on the table; Hernandez-Acuna specifically asked for the court to rule again.” Id. Moreover, Donahue contends that the trial here was not an “instant replay” of the evidentiary hearing because parts of the testimony given by the government’s witnesses at trial were different from what those same witnesses said at the evidentiary hearing.
The government argues in substance that the differences between what the government’s witnesses said at the evidentiary hearing and what they said at trial are not significant. It may be that the district court judge had the opportunity to “see ■ and hear [the witnesses’] live testimony and to observe their demeanor” and to “evaluate their trustworthiness ... for himself.” Id. However, it is not clear from the record or the briefs whether the issue of suppression was still “on the table” at trial, as it was in Hernandez-Acuna. Id. The record does not show that the district court contemplated the suppression motion during or after trial, or that Donahue “specifically asked for the court to rule again.” Id.
We remand to the district court with a request that it answer the following two questions:
1. Did the district court recognize during trial that it could change its ruling on the suppression motion if the evidence so warranted?
2. Was there anything in the presentation of evidence at trial that would have caused the district court to reconsider the suppression motion had it been asked to do so during or after trial?
The panel retains appellate jurisdiction of this case and its present records and files. Upon the order of the district court, this appeal will be re-submitted to the panel for further proceedings, and the panel will make its ruling concerning the potential applicability of Hemandez-Acuna in the light of the district court’s answers to these questions.
REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.