CALLAHAN, Circuit Judge,
dissenting:
I would affirm under United States v. Hernandez-Acuna, 498 F.3d 942 (9th Cir.2007).
In both this case and in Hernandez-Acuna, (1) a magistrate judge presided over an evidentiary hearing regarding the defendant’s suppression motion; (2) the magistrate judge recommended suppression; (3) the district judge rejected the magistrate judge’s recommendation (which arguably also included a rejection of the magistrate judge’s credibility findings) and denied the suppression motion without holding a separate evidentiary hearing; and (4) the same district judge who denied the suppression motion, went on to preside over the trial and to hear the exact same witnesses who had testified in the evidentiary hearing before the magistrate judge. The court in Hernandez-Acuna determined that any error had been cured by the “instant replay” at trial, and in my view, the same reasoning and result applies here.
As in Hernandez-Acuna, here the district court was given all the tools at trial to make an informed decision as to whether it should revisit its ruling on the suppression motion. The witnesses were examined and cross-examined about their detention of Donahue, and the district judge was able to see and hear the witnesses’ live testimony, observe their demeanor and evaluate their trustworthiness. Although *121 Donahue did not “specifically ask[ ] for the court to rule again” on the suppression motion at trial, see Hernandez-Acuna, 498 F.3d at 945, we stated in Hemandez-Acuna that “judges can, and occasionally do, revisit their pretrial rulings as a trial runs its course and testimony or exhibits are adduced that put threshold decisions in a different light.” Id. In the absence of evidence to the contrary, we should accept that the district judge recognized that he could revisit his ruling on Donahue’s suppression motion if the evidence at trial so warranted. Accordingly, the district judge’s decision not to revisit that ruling, in light of the evidence presented at trial, need not be explored through the question- and-answer procedure that the majority prescribes.[1] I respectfully dissent.

. I recognize that the Second Circuit engages in the practice of seeking supplementation of a record by issuing questions to the district court, while retaining jurisdiction. See, e.g., United States v. Arenburg, 605 F.3d 164 (2d Cir.2010); United States v. Jacobson, 15 F.3d 19 (2d Cir.1994). There may be times when this practice is appropriate, but even so, it is not warranted on the facts of this case.